42   39
30a 643
42   39
36a 535

# GEORGE VIRGIN

*v.*

## WILLIAM GAITHER, Administrator.

1. GIFT — *when valid.* A party may make a gift of his property, in anticipation of danger or death, if it is not in fraud of creditors.

2. The mere existence of creditors of the donor will not avoid the gift, if they can be paid from other assets. A man may dispose by gift of the bulk of his property to a child, provided he retains enough to satisfy all subsisting claims against him.

APPEAL from the Circuit Court of Tazewell county; the Hon. JAMES HARRIOTT, Judge, presiding.

The opinion states the case.

Messrs. ROBERTS & GREEN, for the appellant.

Mr. B. S. PRETTYMAN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of trover, brought in the Tazewell Circuit Court, by William Gaither, administrator on the estate of Worthington Enslow, deceased, against George Virgin, for certain horses, mares and colts, the property of Enslow in his lifetime.

The defense set up was a gift from Enslow to Virgin, whose wife was Enslow's sister, and it occured in this wise: Enslow having enlisted in the army for three years in the late war " for the Union," and being about to start " to the front," told one Hynes to take the horses down to George Virgin, and tell him to keep them until he got back from the war, to take good care of them, and he would pay him well for it, and if he died, got killed or never came back, to take them and keep them as his own. Virgin took the horses and kept them. Enslow died in the army before the commencement of this suit. He left no widow or children. Debts were proved against his estate, to the amount of about six hundred and eighty-two dollars, which

included an allowance to a suppositious widow, of two hundred and seventy-six dollars, which, being deducted, as it should be, shows the real amount of claims against the estate to be about $406. Enslow left, besides these horses, personal property of the value of $486, and land valued at $400.

The court, on behalf of the plaintiff, gave the jury the following instructions, to which appellant excepted:

"The court instructs the jury that the administrator, as the representative of Enslow, is entitled by law to collect and dispose of all of his personal property of which he was possessed or entitled to, at the time of his death, and as such, would be authorized to tender all proper charges for keeping the property, as Worthington Enslow would have been entitled to do if living; and if they further believe, from the evidence, that the plaintiff, as administrator of Enslow, demanded the property in controversy, of defendant, and tendered to him the reasonable expenses of keeping the same, before the commencement of this suit, then they will find for the plaintiff the value of the property as shown by the evidence in the case, if they believe from the evidence that the property in controversy was the property of Enslow at the time of his death, and that there was then, and is now, creditors of said estate."

The jury found a verdict for the plaintiff for $500, on which, after overruling a motion to set aside the verdict and grant a new trial, the court rendered judgment, from which the defendant has taken this appeal.

The principal objection made is to the giving of this instruction.

No one can question the right of a party to make a gift of his property, in anticipation of danger or death, if it is not in fraud of creditors. 2 Kent's Com. 444.

This instruction shuts out all consideration of this fact, and also all consideration of the fact of the existence of other property out of which the debts of the estate could be paid. The instruction should, in this particular, have been so qualified,

as to make the gift void, only in the event that this property was needed to pay the creditors. The mere existence of creditors, would not avoid the gift, as the instruction declares, if they could be paid from other assets. A man may dispose by gift, of the bulk of his property to a child, provided he retains enough to satisfy all subsisting claims against him.

For the error in thus instructing the jury, the judgment must be reversed, and the cause remanded for other proceedings consistent with this opinion.

*Judgment reversed.*