ELIZABETH BIEBER'S ADMINISTRATOR, Respondent, v. LOUIS BOECKMANN, Appellant.

70    503
93    ¹663

St. Louis Court of Appeals, April 20, 1897.

1. **Trial Practice**: EVIDENCE. The testimony of witnesses beneficially interested in the result of a suit, is properly excluded.

2. **Gift, without Intention of Passing Title at Time of Delivery**: CONSTRUCTION. Where money was delivered by a sick person to an agent, with directions to return it to the donor if she recovered, and if she died to divide it among certain of her relatives, the donation was testamentary in character, and not a gift *causa mortis*.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Oscar A. Appel* for appellant.

The court below erred in giving the instruction offered by respondent. *William's Adm'r v. Guile*, 117 N. Y. 343; *Devol v. Dye*, 123 Ind. 321; *Virgin v. Gaither*, 42 Ill. 39; *Emery v. Clough*, 63 N. H. 555; 1 Woerner's Am. Law Adm., p. 122; *Sessions v. Mosley*, 4 Cush. 87; *Tyndall v. Randall*, 154 Mass. 103; *Nelson v. Ludick*, 40 Mo. App. 342; *Jones v. Deyer*, 16 Ala. 225.

The judgment is against the law, the evidence, and the weight of the evidence. Authorities cited *supra*.

*J. P. Vastine* for respondent.

The purpose and intent of the donor prior to the alleged gift is immaterial, and the donor's statements and acts at the time of the alleged gift only are material, and the defendant is not a competent witness. *Tomlinson v. Ellison,* 104 Mo. 105. See, also, *Haver v. Schwyhart,* 39 Mo. App. 303; 48 *Id.* 50; *Ring v. Jamison,* 66 Mo. 424; *Sitton v. Shipp,* 297; *Bldg. Ass'n v. Kleinhoffer,* 40 Mo. App. 388; *Thieman v. Meier,* 90 Mo. 434; *Chapman v. Dougherty,* 87 *Id.* 617; *Bank v. Hunt,* 25 Mo. App. 170; *Lewis v. Oliver,* 22 *Id.* 203; *Ford v. O'Donnell,* 40 *Id.* 51; *Callahan v. Riggins,* 43 *Id.* 130; *Wade v. Harvey,* 75 Mo. 394; *Wood v. Mathews,* 73 *Id.* 482; *Dunn v. Bank,* 109 Mo. 101.

On the death of a party to a contract, a party directly interested in a suit on the contract, though not a party to the suit, is competent as a witness. *Thiemann v. Meier, supra; Dunn v. Bank, supra; Scott v. Riley,* 49 Mo. App. 251; *O'Bryan v. Allen,* 108 Mo. 227.

Delivery to an agent with instruction to him to deliver the gift to the donee in the event of the donor's death, is not sufficient to support the gift *causa mortis.* *Walter v. Ford,* 74 Mo. 195; *McCord v. McCord,* 77 *Id.* 166; *Smith v. Ferguson,* 90 Ind. 229; *Newton v. Snyder,* 44 Ark. 42; *Daniel v. Smith,* 64 Cal. 346. See, also, *Sneathen v. Sneathen,* 104 Mo. 201; *Gartside v. Pohlman,* 45 Mo. App. 160; *Vanstone v. Goodwin,* 42 *Id.* 39; *Standiford v. Standiford,* 97 Mo. 231; *Hamilton v. Clark,* 25 Mo. App. 228; *Hammerslough v. Cheatham,* 84 Mo. 20.

In order to constitute a valid gift of personal property it is essential that it be delivered by the

donor or some one for him, with the intention on the part of the donor to part with his right in the subject of the gift, etc., the ownership to take effect immediately and absolutely. *Thomas v. Thomas*, 107 Mo. 459; *Tomlinson v. Ellison*, 104 *Id.* 105; *Vogel v. Gast*, 20 Mo. App. 104; *Doering v. Kenamore*, 86 Mo. 588; *Dunn v. Bank*, 109 *Id.* 90.

A gift by deed, with use reserved to donor during life, is testamentary. *Brandon v. Dawson*, 51 Mo. App. 237. See, also, *Vogel v. Gast*, 20 Mo. App. 104; *Scott v. Scott*, 95 Mo. 300; *Huey v. Huey*, 65 *Id.* 689; *Shackelford v. Brown*, 89 *Id.* 546; *Tygard v. McComb*, 54 Mo. App. 85; *Spence v. Vance*, 57 Mo. 427; *McCord v. McCord*, 77 *Id.* 166.

BLAND, P. J.—On February 5, 1896, Elizabeth Bieber died intestate. Her husband, Philip Bieber, was appointed administrator of her estate, and as such brought this suit.

It appears from the evidence that Mrs. Bieber was in bad health for a year or more, and that for three weeks or more before her death her recovery was hopeless. She held a certificate of deposit in the Northwestern Savings Bank of St. Louis for $400. About three weeks before her death she sent for Mr. Boeckmann, indorsed the certificate over to him and directed him to go to the bank and draw the money. This he did, and returned to her with the money. She, as he contends, then told him to keep the money and thirty days after her death to divide it among her sisters, nieces and grandchildren, naming them and the amount to be given each one. The respondent brought suit to recover the money, claiming that the contract between Mrs. Bieber and Boeckmann was that Boeckmann was to keep the money in his safe, and if Mrs. Bieber died he was to divide it, but if she recovered he was to re-

turn it to her. The administrator had judgment in the court below, from which Boeckmann has appealed.

The re was evidence of Boeckmann's declarations, to the effect that Mrs. Bieber told him to put the money in his safe, and that he was to divide it if she died, and if not, to return it. Miss Casey, a domestic in the Bieber family, testified that she heard Mrs. Bieber tell Boeckmann at one time, "I want you to keep that money in your safe and one month after my death I want you to pay it to those parties." That this statement was made to Boeckmann about three weeks before Mrs. Bieber's death, and that at the time she had no hopes of getting well. At other times she did have such hopes.

Mrs. Mueller and Mrs. Erhart were each to receive $50 of the fund, and were, therefore, beneficially interested in the result of the suit, and were, for that reason, incompetent witnesses, and there was no error in excluding their testimony. *Meier v. Thieman*, 90 Mo. 433; *O'Bryan v. Allen*, 108 Mo. 227.

TRIAL practice: evidence.

Boeckmann was offered as a witness to what transpired between him and Mrs. Bieber with reference to the money, and his evidence on this issue was excluded. His wife was a niece of Mrs. Bieber and a beneficiary of the fund, and for this reason, if for no other, he was an incompetent witness as to what transpired between him and Mrs. Bieber with reference to the money.

The court sitting as a jury gave the following declaration of law: "The court declares the law to be that if the court, sitting as a jury, believe from the evidence that Elizabeth Bieber, deceased, handed Louis Boeckmann the money in question, to be held by him as an agent of said deceased until she got well or died; that said Boeckmann received said money

for such purpose, and that it was not the intention of said Bieber that the delivery of said money to said Boeckmann should pass title to said money to him, unless and until said Bieber died, then you will find in favor of the plaintiff."

And afterward filed the following memorandum of opinion: "The question in this case is, does the evidence show a valid gift (donatio) *causa mortis* of the $400 in question?

"The rulings of the court at the trial excluded most of the testimony offered and leaves the evidence rather meager.

"The facts seem to be, as I gather from the evidence admitted at the trial, that the deceased in her last illness, and in the belief that she would not recover from that sickness, gave the $400 in question to defendant, and told him to put it in his safe, and if she died to divide it in certain parts among certain relatives of the deceased, but that if she did not die to return it. Defendant took the money and held it under these directions till the death of the deceased.

"The conclusion I draw from these facts is that the title to this money did not pass to defendant, or to the intended beneficiaries, but remained in deceased until her death. In other words, that defendant held the money as agent of deceased during her life, with directions to return to her if she recovered, and if she died to divide it as directed. If this conclusion is correct there was no valid gift, and judgment must go in favor of plaintiff."

This finding of the facts is supported by the evidence, and we shall not disturb it. The only question remaining is one of law, and that is, are the facts as found by the court sufficient to support a gift *causa mortis*. Such a gift is defined to be "a gift in expectation

GIFT without intention of passing title at time of delivery: construction.

of death." Such gifts are always conditional and dependent on the contingency of the expected death, and are revocable during the lifetime of the donor. But the subject of the gift must be actually delivered, if capable of such delivery, to the donee or to some person for him, with the intent to pass the title at the time of the delivery, subject, of course, to defeat on the recovery of the donor from the apprehended peril, or to his revocation before death. *Walter v. Ford*, 74 Mo. 195.

The finding of the facts by the learned circuit judge show that it was not the intention of Mrs. Bieber to pass title to the money at the time she delivered it to Boeckmann. The donation was therefore testamentary in character, and not good as a donation *causa mortis*. *Dunn v. German-American Bank*, 109 Mo. 90; *McCord's Adm'r v. McCord*, 77 Mo. 166.

Counsel for appellant has cited us to the cases of *Williams v. Guile*, 117 N. Y. 343; *Devol et al. v. Dye et al.*, 123 Ind. 321; *Virgin v. Gaither*, 42 Ill. 39, and *Tyndall v. Randall*, 154 Mass. *loc. cit.* 103, in which a much more liberal interpretation of donations *causa mortis* is adopted, than by our supreme court, but we are controlled by the decisions of our own supreme court, and upon the authority of *Walter v. Ford, supra, Dunn v. German-American Bank*, and of *McCord's Adm'r v. McCord*, we affirm the judgment. All the judges concur.