# Chandler, Appellant, v. Chandler.

*Equities—Specific performance—Defenses—Husband and wife—Articles of separation.*

Jurisdiction to enforce specific performance is always exercised subject to general equitable considerations and will not be applied to cases where the complainant does not come in with clean hands or where equities exist on the other side which would render it unjust to grant the relief.

It is incumbent on a plaintiff who seeks performance of a contract to show that he has performed or is ready to perform, and a default in this respect is a ground on which the action may be resisted.

A wife will not be awarded specific performance of an agreement of separation which provided that the husband should pay to the wife a certain sum per month, and should receive the rentals from a house standing in his wife's name, where it appears that the wife persistently purchased goods at stores and had the bills charged to him, and that after he had deducted such bills from his monthly payments, she notified the tenant of the house to pay the rent to her.

Argued Jan. 16, 1908. Appeal, No. 251, Jan. T., 1907, by plaintiffs, from decree of C. P. No. 4, Phila. Co., Dec. T., 1904, No. 2,030, dismissing bill in equity in case of Elizabeth S. Chandler and Edmund C. Gause to use of Elizabeth S. Chandler v. Swithin Chandler. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for specific performance.   Before CARR, J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*Charles L. Smyth,* for appellants, cited : King's Estate, 215
Pa. 59 ; Heckman v. Heckman, 215 Pa. 203 ; Yard v. Patton,
13 Pa. 278 ; DuBois Borough v. DuBois City Water Works
Co., 176 Pa. 430 ; Sylvester v. Born, 132 Pa. 467 ; Lynch v.
Gas Co., 165 Pa. 518 ; Grunwald v. Hahn, 176 Pa. 37 ; Renny-
son v. Rozell, 106 Pa. 407.

*E. Waring Wilson* and *Hampton L. Carson,* with them
*John Kent Kane,* for appellee, cited : Datz v. Phillips, 137 Pa.
203 ; Friend v. Lamb, 152 Pa. 529 ; Parker's Est., 6 Pa. Dist.
Rep. 139 ; Ewing's App., 18 W. N. C. 29 ; Everson v. Fry, 72
Pa. 326.

OPINION BY MR. JUSTICE FELL, March 2, 1908 :

The bill in this case was by a wife for the specific perform-
ance of an agreement of separation entered into with her hus-
band.   It was provided by the agreement that the parties
should live apart, that the defendant should pay to a trustee
named for the use of his wife $75.00 on the first day of each
month during her life, and that he should be entitled to receive
the income from a dwelling house the title to which was in
her name.   The agreement went into effect March 26, 1904,
and the first payment under it was made on April 1, following.
It appears from the findings of the court that during the
month of April the plaintiff purchased goods at a number of
stores, to an amount nearly equal to the allowance, and had
them charged to the defendant.   She pursued the same course,
notwithstanding his objection and protest, in May.   A part of
these bills he paid without making any deduction from the
monthly allowance, which was paid in full on the first days of
the four months following.   By agreement with the trustee
he deducted from the October payment the amount of the out-
standing bills.   Thereupon the plaintiff notified the tenant of
the dwelling house to pay the rent to her.   The defendant
then stopped payments under the agreement of separation,

filed a bill to restrain his wife from selling the house or collecting the rent thereof, and instituted proceedings for a divorce. The plaintiff brought an action for divorce and obtained an allowance of alimony pendente lite ; brought an action at law to collect arrearages due by the terms of the agreement of separation and filed the bill in this case.

Fortunately we are required to consider only one phase of the controversy that has arisen. The only question presented by this appeal is whether the plaintiff under the circumstances is entitled to a decree for the specific performance of the agreement. " Jurisdiction to enforce specific performance is always exercised subject to general equitable considerations and will not be applied to cases where the complainant does not come in with clean hands or where equities exist on the other side which would render it unjust to grant the relief : " Bispham's Equity, section 376. It is incumbent on a plaintiff who seeks performance of a contract to show that he has performed or is ready to perform, and a default in this respect is a ground on which the action may be resisted : Fry on Specific Performance, 453 ; Datz v. Phillips, 137 Pa. 203. The plaintiff in this case willfully and persistently violated the contract she asks to have enforced, and by taking the rents of the dwelling house deprived the defendant in part of the means with which to pay.

The decree is affirmed at the cost of the appellant, without prejudice to her right to proceed at law.