HENRI E. GOBEILLE *vs.* ANNA E. ALLISON *et al.*

JUNE 27, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Voluntary Trusts. Execution. Revocation. Evidence.*

E. B. deposited in her name as trustee, in bank, to the credit of her daughter, a fund which was entered in the deposit book "Mechanics Bank in account with M. G., E. B. Trustee." M. G. deceased, leaving a will bequeathing entire estate to her husband, H. G.; specifically bequeathing "all money on deposit in Mechanics Bank, held by my mother, E. B., in trust for me." Prior to the decease of M. G., the account was withdrawn and redeposited, by E. B., to the credit of another daughter. On bill asking that the fund be declared the subject of an executed trust in favor of the estate of M. G., testimony was offered, of an employee of the bank, tending to show that E. B. told him, at the time of the deposit, that she wished to divide her deposit and give her daughters share and share alike, but wished to retain control of it during her life; for she might change her mind and do something else with it:—

*Held,* that such testimony was admissible as showing the intention of E. B. with regard to the fund when she made the deposit.

*Held,* further, that at the time of the deposit the trust was inchoate; but upon information to M. G. of the trust and delivery to her of the book, the trust became executed, and thereafter the power of revocation ceased.

*Held,* further, that prayer of complainant should be granted.

BILL IN EQUITY on facts fully set out in opinion. Heard on

complainant's appeal from decree of Superior Court dismissing bill, and appeal sustained.

SWEETLAND, J. This is the complainant's appeal from the decree of the Superior Court dismissing his bill.

William I. A. Barth and Emma Barth were the parents of Mabel B. Gobeille, Anna E. Allison, and Charles A. Barth. The father, William I. A. Barth, deceased October 30, 1888, and his widow, Emma Barth, was appointed administratrix of his estate. He left some personal property, including an interest in a drug store, some real estate, and $3,500 insurance money. There is some testimony that this insurance money was payable to his wife as beneficiary, and, therefore, formed no part of his estate. There was no closing of the estate by the filing of an account by the administratrix, but, instead, on the 9th day of January, A. D. 1902, the administratrix took a general release from the children. On the 15th day of January, A. D. 1902, Mrs. Emma Barth deposited in the Mechanics Bank $1,350 to the credit of each of her daughters, in her name as trustee; the deposit in question being entered on deposit book No. 96,385, as follows: "Mechanics Savings Bank in account with Mabel B. Gobeille, Emma Barth, Trustee." Mabel B. Gobeille died at Providence on the 29th day of July, A. D. 1903, leaving a last will and testament in which she left everything to her husband, Henri E. Gobeille, the complainant. Eleven days before the death of Mabel B. Gobeille, namely, on July 18, 1903, this account, amounting to $1,373.62, standing to the credit of Mabel B. Gobeille, Emma Barth, Trustee, was withdrawn and redeposited by Mrs. Barth to the credit of the respondent, Anna E. Allison, Emma Barth, Trustee. About six months after the death of Mabel B. Gobeille, Mrs. Emma Barth died.

The complainant contends that the estate of Mabel B. Gobeille is beneficially entitled to the fund of thirteen hundred and seventy-three dollars and sixty-two cents withdrawn as aforesaid and redeposited by Mrs. Barth to the credit of Anna E. Allison, Emma Barth, Trustee, because it was the subject

of an executed trust in favor of Mrs. Gobeille. The complainant asks that it be so declared and that the respondents be ordered to pay said fund with its accumulations to the complainant.

At the hearing before the Superior Court the respondents were permitted to introduce the testimony of Arthur F. Smith, who was employed at the Mechanics Savings Bank at the time of the deposit of said money by Mrs. Barth on January 20th, 1902. Mr. Smith testified that at that time Mrs. Barth told him that "she was in poor health and that the deposit in the Mechanics Savings Bank she wished to divide as she did, and give to her two daughters share and share alike, but she wished to retain control of these deposits during her life for she might change her mind and do something else with the deposits."

The complainant objected to the admission of this testimony.

We are of the opinion that such testimony was properly admissible as showing the intention of Mrs. Barth with regard to the fund when she made the deposit.

It appears from the testimony that at some time after this deposit the bank-book issued by the Mechanics Savings Bank as evidence of the deposit came into the possession of Mrs. Gobeille and that Mrs. Barth knew of this possession. Both of these women are dead, but it is a reasonable conclusion from the testimony that Mrs. Barth delivered the book to Mrs. Gobeille. Mrs. Gobeille retained possession of it as her own, until shortly before her death, when in her last sickness she went to her mother's home with her husband, and remained there until her death.

The complainant testified that while he and his wife were stopping at the home of Mrs. Barth, "Mrs. Barth wanted to keep the book, and she asked for it for safe keeping. My wife asked me if it was all right to give it to her, and I said it was the best place to have it." This testimony is not contradicted. Mrs. Barth is not alive to contradict it if it is untrue. It appears, however, that Mrs. Barth did, at the time of Mrs. Gobeille's death, have in her possession for safe keeping other

bank-books belonging to Mrs. Gobeille, which represented deposits standing in Mrs Gobeille's own name in other banks. The testimony that this bank-book was in the possession of Mrs. Gobeille is, to a certain extent, corroborated by that of Miss Oldham, who testified that she accompanied Mrs. Gobeille to a bank, the name of which she did nòt know, on Weybosset street in Providence, and at this bank Mrs. Gobeille had in her possession a bank-book and drew out money. Miss Oldham's description of the location of this bank corresponds with the location of the Mechanics Savings Bank. It appears by the books of the bank that on two occasions the interest upon this deposit was withdrawn. Mr. Smith testified that the receipts for these withdrawals were signed by Mrs. Barth, but that it was possible for a person not the depositor to withdraw money from an account at said bank upon the presentation of a receipt signed by the person controlling the deposit, although the usual practice was to pay out such money on an order rather than upon the presentation of a receipt.

It is not disputed that Mrs. Gobeille was informed of this deposit standing in her name, Emma Barth, Trustee, and treated it as an executed trust; for in her will executed March 26th, 1903, she provided: "I give devise and bequeath to my husband Henri Ernest Gobeille  .   .   .    all money on deposit in the Mechanics Savings Bank with the accumulations, if any, held by my mother, Mrs. Emma B. Barth in trust for me."

(1)   From the testimony we should find that, at the time of the deposit, Mrs. Barth intended, as testified by Mr. Smith, to retain control of the money deposited, as she might change her mind and wish to make other disposition of it. That finding, however, is not conclusive of the case. The trust was then inchoate. In all incomplete voluntary trusts there remains, in the one having an inchoate purpose to create a trust, the control of the subject of the trust and the power to effectually change his mind. This control continues until the trust is executed. When the trust is completely constituted, the power in the settlor to revoke ceases. Whatever may have

been Mrs. Barth's intention at the time she made this deposit, we must find that afterwards she informed her daughter, Mrs. Gobeille, of the trust in her favor, and delivered to Mrs. Gobeille the savings-bank book. This conduct amounts to a declaration on the part of Mrs. Barth that she held the fund deposited *in præsenti* in trust for Mrs. Gobeille. Mrs. Gobeille accepted the trust created for her benefit and thereafter, up to the time of her death, treated the deposit as a fund to which she was entitled and which she desired to bequeath to her husband. Under the decisions of this court Mrs. Barth's conduct is an execution of the trust and thereafter she had no power to revoke it. *Ray* v. *Simmons*, 11 R. I. 266; *Petition of Atkinson*, 16 R. I. 413; *Peoples Savings Bank* v. *Webb*, 21 R. I. 218.

Mrs. Gobeille died of a malignant disease, and for a considerable time before her death it was certain that she could not recover and would soon die. Mrs. Gobeille had no children. The bank-book again came into the possession of Mrs. Barth. What induced Mrs. Barth to act as she did we do not know; but it is not unlikely that, failing to understand the full legal effect of this transaction, and wishing to have this fund pass to her other daughter rather than to the husband of the daughter who was then dying, she withdrew the money from the bank and attempted to create a new trust in favor of her other daughter. This she could not be permitted to do.

The prayer of the complainant's bill should be granted.

The complainant may present to this court a form of final decree in accordance with the foregoing opinion.

*Joseph J. McCaffrey, John P. Beagan,* for complainant.
*Daniel A. Colton,* for respondents.