## ESCHEN v. STEERS.

(Circuit Court of Appeals, Eighth Circuit. February 10, 1926.)

No. 6981.

1. **Gifts** ⊜⟹30(1), 66(1)—**Letter directing bank to transfer money on donor's account to daughter's held not a gift inter vivos or causa mortis, where donor retained complete dominion over same.**

Letter by which donor, in view of impending death, directed bank to transfer money on his account to that of his daughter, but retaining complete dominion over same to extent of using it all, if necessary, for his own benefit, *held* not to constitute a gift inter vivos or causa mortis.

2. **Trusts** ⊜⟹140(1).

Voluntary trust gives to donee beneficial enjoyment of property, legal title of which is in trustee.

**3. Trusts ⚭25(1)—Trust is created, if language indicates an intention to stamp such character on a gift, but declaration that party holds as trustee must be unequivocal.**

No particular language is necessary to create a trust, it being sufficient if language satisfactorily indicates an intention to stamp on gift character of a trust, but declaration that party holds as trustee must be unequivocal.

**4. Trusts ⚭44(1)—Evidence must show clear intention to establish completed express trust in personal property.**

Evidence, whether in writing or parol, to establish a completed express trust in personal property, must show a clear intention to create such trust.

**5. Trusts ⚭22—Intent to create completed express trust in personal property is not sufficient, but donor must part with dominion over equitable title which must have passed to cestui que trust.**

Intent to create completed express trust in personal property is not sufficient, but equitable title to property must have passed to cestui que trust, and donor must have parted with dominion over such title, leaving nothing to be done to complete transfer thereof, and there must be a complete establishment of fiduciary relationship.

**6. Trusts ⚭66—Equity will not perfect defective gift by declaring a trust nor will it enforce a mere intention to create a trust.**

Equity will not interfere to perfect an imperfect or defective gift by declaring a trust which decedent failed to declare, nor will equity complete and enforce a mere intention or promise to create a trust.

**7. Trusts ⚭59(1).**

If trust is completely established, donor cannot revoke same, unless such power is reserved in its creation.

**8. Wills ⚭94.**

An attempted testamentary disposition of property, not in manner provided by law, is ineffective.

**9. Trusts ⚭26—Letter directing bank to transfer money on donor's account to his daughter's not unequivocally declaring that donor held in trust for her, held not to constitute an executed trust.**

Letter by which donor directed bank to transfer money on his account to that of his daughter in which he did not unequivocally declare that he held in trust for her, but in which he retained complete dominion over money to extent of using it all, if necessary, for his own benefit, *held* not to constitute an executed trust, but to be merely a tentative plan for testamentary disposition of property.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Bill by the First National Bank of Jefferson City, Mo., to interplead Frances E. C. Eschen and Mary Madison Steers, administratrix of the estate of Oscar M. Steers, deceased. From a judgment sustaining a demurrer to the interplea of Frances E. C. Eschen, she appeals. Affirmed.

Ford W. Thompson, of St. Louis, Mo. (W. B. Thompson, of St. Louis, Mo., on the brief), for appellant.

Fred S. Hall, of St. Louis, Mo. (James E. Dame, of St. Louis, Mo., on the brief), for appellee.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and YOUMANS, District Judge.

KENYON, Circuit Judge. Appellant, Frances E. C. Eschen, was the daughter of the first wife of Oscar M. Steers. Appellee, Mary Madison Steers, administratrix, was his wife at the time of his death. Oscar M. Steers was a resident of Clayton, Mo., and died on the 9th day of October, 1923. About three hours before his death he wrote the following letter to the vice president of the First National Bank of Jefferson City, Mo., in which bank said Steers had over $10,000 on deposit:

· "Clayton, Mo. 10/9/23.

"Mr. W. E. Zuendt, Jeff. City, Mo.—My dear Billy: Am writing you to say that my health has completely failed me, some sort of stomach trouble, causing an inflation with such pressure against my "diaphram" so that my breathing is cut off, have been in bed for a week and am propped up in a chair writing this.

"What I want to do Billy is to arrange my financial affairs some different so that my daughter, Mrs. J. H. Eschen, could get the money without any trouble of going through the courts; have decided to have ten thousand dollars transferred to her as saving account as of July 1, 1923, the book to be made in her name and sent to me, the interest of course to be credited to her. This of course with the understanding that should I need or want to use any of the money I could draw on the account signing her name per myself. Now this is my idea of the arrangement perhaps you could suggest a better plan. Whatever is done want to do as a precautionary measure to my daughter at the same time protect myself in case I should need the money. You know life is uncertain. The young may die and the old must die but do not want to give up control of my money. I hope you understand the situation and can fix the matter up so there will be no trouble for my daughter. I am sending my pass book, there will be some balance, which I will continue to

carry with you. There is interest due up to July 1, 1923, this you can credit my account and transfer $10,000 to Mrs. J. H. Eschen account. I hope you will attend to this promptly and that a satisfactory arrangement can be made to the bank as well as myself.

"Hoping that you keep well and are prospering with kindest personal regards and best wishes, remembering me to the bunch.

"Sincerely, O. M. Steers.

"103 North Central Ave., Clayton, Mo.

"I neglected to say anything about giving you check for the amount I want transferred, but I have none of your regular forms out here. Fix one up and send it along and I will sign and return.

"O. M. S."

This was received by addressee the day after Steers' death.

[1] Mrs. J. H. Eschen (Frances E. C. Eschen) claimed the $10,000 on the theory that the letter established a completed trust; the said Oscar M. Steers being created trustee and she beneficiary. Mary Madison Steers claimed the money as administratrix of the estate of Oscar M. Steers. Under this situation the First National Bank of Jefferson City asked a court of equity to require both claimants to interplead in this case. This was done. Mary Madison Steers, administratrix, filed motion to dismiss the amended interplea of Mrs. Eschen, and a like motion was filed on the part of Mrs. Eschen to the interplea of Mary Madison Steers. The motion of the administratrix was sustained by the court, and that of Mrs. Eschen overruled. The court in ruling on these motions held that the letter was not sufficient to constitute a gift causa mortis because of a lack of delivery of the property, either actual or constructive; also that the letter did not indicate an intention upon the part of decedent Steers to entirely and wholly part with the dominion over and custody of the money. In other words, the court found that the transaction was not sufficient to constitute either a gift causa mortis or a completed trust. Appellant frankly takes the position in her brief that the letter does not express an intention to make a gift of the $10,000 either inter vivos or causa mortis, but is sufficient to create a voluntary, express completed trust in her favor. Of course, it is apparent from the letter that it does not constitute a gift either inter vivos or causa mortis. Both parties so agree. The question for determination, therefore, is reduced to a simple one, viz. Is the letter sufficient to create a trust in favor of appellant in the $10,000 deposited in the bank?

Some general doctrines of the law of voluntary trusts are, we think, clearly determinative of the issue presented.

[2] A voluntary trust gives to a donee the beneficial enjoyment of property, the legal title of which is in another designated as trustee. "When a person sui juris orally or in writing explicitly or impliedly declares that he holds personal property in præsenti for another, he thereby constitutes himself an express trustee." 1 Perry on Trusts (4th Ed.) p. 75, § 86.

[3] No particular language is necessary to be used in creating a trust. It is sufficient if it satisfactorily indicates an intention to stamp upon a gift the character of a trust. The declaration, however, that party holds as trustee must be unequivocal. 26 R. C. L. p. 1180, § 18; In re Podhajsky's Estate (Podhajsky v. Bednar), 115 N. W. 590, 137 Iowa, 742; Connecticut River Sav. Bank v. Albee et al., 25 A. 487, 64 Vt. 571, 33 Am. St. Rep. 944; Elizabeth Wadd v. James B. Hazleton et al., etc., 33 N. E. 143, 137 N. Y. 215, 21 L. R. A. 693, 33 Am. St. Rep. 707.

[4] The evidence, whether in writing or parol, to establish a completed express trust in personal property, must be clear and convincing—not vague, doubtful, and uncertain—and must show a clear intention to create such trust. William H. Harding v. St. Louis Union Trust Co., 276 Mo. 136, 207 S. W. 68; Allen & Another v. Withrow & Another, 3 S. Ct. 517, 110 U. S. 119, 28 L. Ed. 90; Blake v. Old Colony Life Ins. Co., 209 F. 309, 126 C. C. A. 235.

[5] Intent to create such trust is not sufficient. The equitable title to the property must have passed to the cestui que trust, and the donor must have parted with dominion over such title, leaving nothing to be done to complete the transfer thereof. It is incompatible with the trust relationship that the donor, acting also as trustee, retain the legal estate and the beneficial enjoyment and dominion of the property, and the right of disposition thereof. Donee must have an enforceable, equitable title to create the relationship of cestui que trust, and there must be a complete establishment of the fiduciary relationship. O'Gorman et al. v. Jolley et al., 147 N. W. 78, 34 S. D. 26; Porter B. Goddard v. Henry S. Conrad, 101 S. W. 1108, 125 Mo. App. 165, 172; Harding v. St. Louis Union Trust Co., 207 S. W. 68, 276 Mo. 136; Barnum v. Reed et al., 26 N. E. 572, 136 Ill. 388; Connecticut River Sav. Bank v. Albee, 25 A. 487, 64 Vt. 571, 33 Am. St. Rep. 944; People's Sav. Bank v. Webb et al., 42 A.

874, 21 R. I. 218; Lucretia E. Doan et al. v. Vestry of the Parish of the Ascension of Carroll County et al., 64 A. 314, 103 Md. 662, 7 L. R. A. (N. S.) 1119, 115 Am. St. Rep. 379; Rambo v. Pile et al., 69 A. 807, 220 Pa. 235; Melba Frank v. Morris A. Heimann, 258 S. W. 1000, 302 Mo. 334.

[6] Equity will not interfere to perfect an imperfect or defective gift by declaring a trust which decedent failed to declare, nor will equity complete and enforce a mere intention or promise to create a trust. William H. Young, etc., v. George Young et al., 80 N. Y. 422, 36 Am. Rep. 634; Pennell v. Ennis, etc., 103 S. W. 147, 126 Mo. App. 355; 3 Pomeroy's Equity Jurisprudence (4th Ed.) § 997; Norway Sav. Bank v. Merriam et al., 33 A. 840, 88 Me. 146; In re Estate of Soulard, 43 S. W. 617, 141 Mo. 642; Northrip v. Burge, 164 S. W. 584, 255 Mo. 641, 655.

[7] If the trust is completely established, donor has no power to revoke the same, unless such power is reserved in its creation. Harding v. Trust Co., 207 S. W. 68, 276 Mo. 136; Melba Frank v. Morris A. Heimann, 258 S. W. 1000, 302 Mo. 334; Gobeille v. Allison et al., 76 A. 354, 30 R. I. 525.

[8] An attempted testamentary disposition of property not in the manner provided by law is ineffective. Dunn v. German-American Bank, 18 S. W. 1139, 109 Mo. 90, 100; Godard v. Conrad, 101 S. W. 1108, 125 Mo. App. 165, 172; Elizabeth Bieber's Administrator v. Boeckmann, 70 Mo. App. 503, 508; Basket v. Hassell, 2 S. Ct. 415, 107 U. S. 602, 610, 27 L. Ed. 500.

The Supreme Court of Missouri, in Re Estate of Soulard, 43 S. W. 617, 622, 141 Mo. 642, 664, in discussing the necessities of a trust in personal property says: "Three things, it has been said, must concur to raise a trust: 'Sufficient words to create it, a definite subject, and a definite object; and to these requisites may be added another, viz., that the terms of the trust should be sufficiently declared.' Bispham's Eq. 65."

[9] Viewing the letter in the light of these general legal propositions, it is clearly apparent that the project was one merely in contemplation, imperfect, and never completed. Steers sets forth to his friend the vice president of the bank a certain plan, and asks suggestions from him as to a better one. The postscript to the letter shows that he did not intend the same to complete the matter. There was something further to be done before even the arrangement which he was proposing could be fully carried out. Further, the letter shows no intention on the part of Mr. Steers to create a trust of which he was to be the trustee, and Mrs. Eschen the beneficiary. He expressly retained control of the money. True, the bank book was to be made in Mrs. Eschen's name showing $10,000 transferred to her as a savings account—not as a checking account—but the book was to be sent to Steers. He could have drawn every cent of it before his death even had the plan been fully arranged and had he lived for some time thereafter. He reserved absolute dominion over the fund; did not transfer to Mrs. Eschen the beneficial title or any right to use the money. If he had lived and completed the plan outlined in the letter, and thereafter had withdrawn all of this fund by checks, signing her name per himself, as provided in the letter, what recourse would have been available to her? Could she have enjoined the transaction? Could she have said the fund belonged to her, and that he as trustee was despoiling a trust fund? Would he have been liable to her for using a part or the whole of the fund? The letter clearly answered these questions in the negative. This letter, sent three hours before Mr. Steers' death, and not received by the vice president of the bank until after his death, is a mere tentative suggestion of what he was thinking of doing and what he wanted to do in order to keep the matter from passing through the court in case of his death in order to relieve his daughter of any trouble in connection with securing the money. It did not constitute either a gift causa mortis or an executed trust. It was merely a tentative plan for a testamentary disposition of property. The matter lacks that element of completeness essential to establish a transaction as distinguished from a mere intention so to do.

Appellant cites and quotes from the case of The Harris Banking Co. v. Helen A. Miller, 89 S. W. 629, 190 Mo. 640, 1 L. R. A. (N. S.) 790, where the court held that a valid trust in personal property had been established by parol. There the owner of the money in question, after depositing it in a bank, and taking a certificate of deposit in his own name, assigned the same in writing to his housekeeper. He stated that the money belonged to her; told the bank to pay it to her and to no one else; and the court said this created an express trust which a court of equity would enforce. It is to be noted in that case that the statement to the bank was to pay the money to her and to no one else, in that it differs fundamentally from this case where Steers reserved the right to exercise dominion over the entire fund.

In re Estate of Soulard, 43 S. W. 617, 141 Mo. 642, is also a case where the court held the facts were sufficient to create a valid express trust. The court found that the donor intended to make a complete disposition of his property, reserving only the income to be paid him during life; that the donor diverted himself of the legal title; that he retained a beneficial interest in the property; but that this was part of the declared purpose of the trust. This case is the strongest cited by appellant, but is easily distinguishable in its facts from the case at bar.

The Missouri courts have frequently had before them the question of gifts inter vivos, gifts causa mortis, and trusts, and careful and thoughtful attention has been given to the intricate questions ofttimes involved.

A case very similar to the one at bar is Citizens' National Bank v. William McKenna, 153 S. W. 521, 168 Mo. App. 254. John McKenna, prior to his death, deposited $3,500 in the Citizens' National Bank of Chillicothe, receiving therefor a certificate of deposit payable to himself or to William McKenna. He stated to witnesses that he wanted the money to go to William in the event of his death. The evidence clearly showed he intended the money for William. After his death, William McKenna claimed there was a trust created in his favor; the deceased being there, as here, the trustor and the claimed trustee of the fund. The court held that there was no intention shown on the part of the deceased to make the deposit a trust fund for William McKenna with himself as trustee, and that the beneficial title did not pass to William McKenna. The court said, referring to the circumstances: "They show rather a reservation of his own ownership and control; and without doubt deceased considered the money in his power and ownership, if he should conclude to use it before he died. The Supreme Court, in quoting from Stone v. Hackett, 12 Gray (Mass.) 227, said that equity would not regard a transaction as creating a trust so long as it remains executory. Estate of Soulard (43 S. W. 617) 141 Mo. loc. cit. 660. The property must have passed out of the trustor so as to effectually pass the title, equitable though it be, to the cestui que trust. Id. 662 (43 S. W. 617)." In this case the court also refers to and distinguishes Harris Banking Co. v. Miller, 89 S. W. 629, 190 Mo. 640, 1 L. R. A. (N. S.) 790. The McKenna Case is very closely in point with the case under consideration.

In Godard v. Conrad, 101 S. W. 1108, 125 Mo. App. 165, the question of a gift inter vivos was discussed, and also whether the transaction involved constituted an express trust. The court held the evidence was not sufficient to establish either a gift inter vivos or an express trust, and said that equity would not interpose to perfect a defective gift. The evidence in that case showed a declaration of decedent, Stewart, that he desired Mrs. Searcy "to have the property in the event of his death." This was held to be in the nature of a testamentary bequest and not sufficient to establish a trust.

In Pennell v. Ennis, 103 S. W. 147, 126 Mo. App. 355, a check had been given on a bank to a daughter before the donor's death. It was not accepted or paid prior to his death. It was held it could not be a valid gift, because there was no complete delivery, and that it was not sufficient to constitute a trust. It is interesting to note the court's reference to the two Missouri cases relied on here by appellant. On page 361 (103 S. W. 149) it said: "In Harris Banking Co. v. Miller and In re Soulard's Estate, supra, the Supreme Court of this state managed to extract trusts from the circumstances in proof. But those decisions recognized the rule that a trust cannot be raised if a gift was intended, or unless the elements of a trust appear."

In Harding v. Trust Co., 207 S. W. 68, 69, 276 Mo. 136, 142, the claim was made of an executed trust in personal property, and the court, after discussing the evidence consisting of certain letters and declarations, and holding that they did not convey any personal equitable title to plaintiff nor deprive donor of the full use and control of the bonds in question, referred to certain legal propositions as follows: "That an executed trust may be validly created in personal property by express declaration and present conveyance of such property to a definite beneficiary, and that when the trust has been thus completed, it is irrevocable, though voluntary, is the settled law of Missouri and elsewhere. * * * It is equally elementary that such a trust can be enforced only upon evidence so clear, full and demonstrative as to banish any reasonable doubt from the mind of the chancellor as to the existence of every element essential to the establishment of a complete express trust in personal property."

Other cases in Missouri dealing with the general subject of gifts and trusts are: Bieber's Adm'r v. Boeckmann, 70 Mo. App. 503; McCord's Administrator v. McCord et al., 77 Mo. 166, 46 Am. Rep. 9; Elizabeth Foley

v. J. S. Harrison, 136 S. W. 354, 233 Mo. 460; Albrecht v. Slater et al. (Mo. Sup.) 233 S. W. 8.

There is little in the doctrine announced by the Missouri courts to sustain appellant's claim that the letter constitutes a completed voluntary trust.

A very leading and much-cited case also relied on by appellant and quoted from at length in its brief is the Bath Sav. Inst. v. Hathorn, 33 A. 836, 839, 840, 88 Me. 122, 131, 32 L. R. A. 377, 51 Am. St. Rep. 382, where it was held that the entry on the books of a savings bank in the name of a donor "in trust for the donee" was not conclusive evidence of a gift, but that all the declarations, acts, and conduct of the donor, with the presumption arising from the entry itself, were sufficient to show a completed trust. The court said: "The entry 'in trust for' is of clear and unmistakable import, and sufficient to create a prima facie trust. It might have been controlled by evidence that would have shown a contrary intention, but such evidence is wholly wanting. Moreover, all the declarations, acts, and conduct of the donor are consistent with the presumption arising from the entry itself, and show that it expresses the true import of the transaction, and creates a completed trust in favor of the donee."

There is no such situation here. It is interesting to note also that a few days after this decision the Supreme Court of Maine decided the case of Norway Sav. Bank v. Merriam et al., 33 A. 840, 88 Me. 146, and discussed the necessities of a perfect and completed voluntary trust, distinguishing Bath Savings Inst. v. Hathorn, because of the words there used when the deposit was made "in trust for Alice D. Files," and held that the facts in the case under consideration failed to establish a completed trust.

The case of Richards v. Delbridge, L. R. 18 Eq. 11–13, referred to by appellant in its brief as establishing the principle or law upon which Mrs. Eschen claims the fund, is, we think, an authority under this record against appellant's position. The court there discusses the method in which the legal owner of the property may constitute himself a trustee, and says: "The legal owner of the property may, by one or the other of the modes recognized as amounting to a valid declaration of

trust, constitute himself a trustee, and without an actual transfer of the title may so deal with the property as to deprive himself of its beneficial ownership and declare that he will hold it from that time forth in trust for the other person." Also: "The making a man trustee involves an intention to become a trustee, whereas words of gift show an intention to give over property to another, and not to retain it in the donor's hands for any purpose fiduciary or otherwise."

Mr. Steers here did not deal with the property in such way as to deprive himself of its beneficial ownership. He did not unequivocally declare that he held it in trust for Mrs. Eschen, but retained complete dominion over the same to the extent of using it all, if necessary, for his own benefit, or of checking it out and then disposing of it according to his own desire or whim.

The number of cases dealing with this interesting subject is legion. Each of necessity depends for solution upon its own facts. From the labyrinth of decisions we cite the following, where the courts have held the language employed or circumstances surrounding the transaction were not sufficient to create a voluntary, express trust of personal property. Emri Clark v. Ann Clark & Trustee, 108 Mass. 522; Isaac C. Sherman, Executor, v. New Bedford Five Cents Savings Bank, 138 Mass. 581; Pope v. Burlington Sav. Bank, 56 Vt. 284, 48 Am. Rep. 781; Nicklas v. Parker et al., 61 A. 267, 69 N. J. Eq. 743; Young v. Young et al., 80 N. Y. 422, 36 Am. Rep. 634; Barnum v. Reed et al., 26 N. E. 572, 136 Ill. 388; Chandler v. Chandler, 69 A. 806, 220 Pa. 311; O'Gorman et al. v. Jolley et al., 147 N. W. 78, 34 S. D. 26.

The language of the letter relied on shows an intention to arrange for giving Mrs. Eschen what might remain of the $10,000 at the time of Mr. Steers' death. It is an uncompleted and imperfect attempt to bring about a testamentary disposition of personal property in a manner not provided by law. The question presented is not a close one. No distortion of language or legal principles could spell out of this letter a completed trust. The decision of the trial court is correct, and its decree is affirmed.