STATE OF MISSOURI at the Relation of UNION NATIONAL BANK OF SPRINGFIELD, MISSOURI, a Corporation, Executor of the Estate of MARY J. CARROLL, Relator, v. DAVID E. BLAIR, ROBERT J. SMITH, and JAMES F. FULBRIGHT, Judges of the Springfield Court of Appeals.—No. 37952.—166 S. W. (2d) 1085.

Division Two, November 12, 1942.

Motion for Rehearing or to Transfer to Banc Overruled, January 4, 1943.

*O. J. Page* and *Coltrane & Coltrane* for relator.

*Andrew J. Murphy, Jr., Edward A. Glenn* and *Farrington & Curtis* for respondents.

BOHLING, C.—Certiorari to review the Springfield Court of Appeals' opinion in Idle v. Union National Bank of Springfield et al., 156 S. W. (2d) 941. The question is whether the ruling there made that Mary J. Carroll (since deceased) created a gratuitous trust in favor of George H. Idle with respect to a certain bond conflicts with previous rulings of this court. The Court of Appeals quoted and adopted the trial court's memorandum opinion, stating the trial court "went into all the facts in connection with the case, and discussed the law applicable." The essential facts follow:

In 1926 Mary J. Carroll rented a safety deposit box of the Union National Bank in the names of Roberts Carroll and Mary J. Carroll, either or the survivor; but Mrs. Carroll retained possession of both

keys to said box and the sole control of its contents, to the exclusion of Roberts Carroll. On April 8, 1936, Mrs. Carroll received the bond involved from the Moody Investment Company, together with six others of like denomination, she having previously purchased them. "Shortly prior to the time Mrs. Carroll received said bonds from the Moody Investment Co., in April, 1936, she had asked the witness Dow about wills and disposition of property, saying she had some people she wanted to get some securities. Mr. Dow told her how he had been informed by a lawyer 'to hand things over to someone else,' and the writing [hereinafter] referred to and attached to the bond was made to meet what he and she thought the requirements were." On said April 8th, Mrs. Carroll requested Mr. Dow to attach a certain writing prepared in her own hand to the bond. This manuscript, however, was thereafter typewritten, read by Mrs. Carroll, and at her request attached to the bond. It read: "This $1,000 Springfield City Water Company bond, No. M-1638, is the property of George H. Idle." Similar slips, declaring the individual bond to be the property of another named person, were attached to the other six bonds. Mrs. Carroll took possession of the bonds. She died May 14, 1936; and the bonds, with the typewritten slips attached and undisturbed, including the bond in suit, were found in her said safety deposit box. The opinion states: "The question then is what did Mrs. Carroll intend by the writing placed upon the bond after her conversation with Dow and the retention of the bond in her possession until her death."

The court concluded the transaction did not constitute a gift for want of delivery; observing, in one instance, that since Mr. Idle did not live in Springfield, Mrs. Carroll "could have had no opportunity to make any transfer of the bond to him other than what might have been effectuated by this writing"; and, in another instance, "we will presume [Mrs. Carroll] would have known how to hand the bond to George H. Idle or mail it to him."

The court also concluded the transaction did not amount to a testamentary disposition of the bond for want of compliance with the formalities connected with the execution of wills; observing "she [Mrs. Carroll] will be presumed to have had knowledge of how to make such disposition."

"Three things, it has been said, must concur to raise a trust: 'Sufficient words to create it, a definite subject, and a definite object; and to these requisites may be added another, viz., that the terms of the trust should be sufficiently declared.'" In re Estate of Soulard, 141 Mo. 642, 664, 43 S. W. 617, 622; Harris Bkg. Co. v. Miller, 190 Mo. 640, 670, 89 S. W. 629, 637, 1 L. R. A. (N. S.) 790; Northrip v. Burge, 255 Mo. 641, 654(II), 164 S. W. 584, 586[5].

The court then considered that Mrs. Carroll intended to create a gratuitous trust in herself for the benefit of Mr. Idle. The court remarked that Mrs. Carroll "must have intended to create a trust

in substance, not having knowledge of the technicalities of the matter as to how to create a trust''; that it is not necessary that ''an expressed declaration of trust or that the word 'trust' or 'trustee' be used,'' it being ''sufficient if it appears that the beneficial interest or the equitable property in the subject matter of the trust be vested in someone and the legal title of possession be vested in another or retained by the donor''; ''that Mrs. Carroll wanted this bond to be George H. Idle's and did not want it to fall into the bulk of her estate not otherwise disposed of. A judgment declaring the trust to exist will not therefore do violence to her desire, but will be in accord with it.''

The controversy here presented is on the sufficiency of the words employed to create a trust. Issues respecting a gift or a testamentary disposition or the subject and object of the alleged trustor's beneficence are not presented.

We agree with many of the observations made but are of opinion the conclusion reached conflicts with prior holdings of this court, among others, Cartall v. St. Louis Union Trust Co., 348 Mo. 372, 387[8, 9], 153 S. W. (2d) 370, 377[9, 10], stressed by the relator here. Respondents assert the cases are to be distinguished and that the portion of the Cartall case invoked by the relator is dictum. The facts in the instant case and the Cartall case are not identical, but they are sufficiently similar on the issue involved to require the application of the same rule as a matter of law. State ex rel. v. Shain, 340 Mo. 1195, 1201[1], 105 S. W. (2d) 915, 918[1-3].

In the Cartall case, Mrs. Cartall sought a judgment declaring her to be the owner of certain notes, payable to bearer, found, without identification marks, in Mr. Cartall's safety deposit box after his death on the theory, among others, of an express trust. Sufficient for the purposes of this review, there was evidence in the Cartall case that Mr. Cartall told the paying agent to list the notes in his wife's name on its records; that interest checks carried the endorsements of Mrs. Cartall and, thereunder, Mr. Cartall; and that statements were made by Mr. Cartall to the following effect and under the following circumstances: When asked, to whom a certain interest check was to be made, Mr. Cartall replied: ''Make that to Mary E. Cartall, they are her bonds.'' When asked again about a later interest installment, Mr. Cartall said: ''I don't know what I have to do to make you people understand out there. . . . Those are my wife's bonds. Now, for heaven's sake, put them in her name and don't bother me about them; pay the interest to her. That should be final.'' (348 Mo. l. c. 381, 153 S. W. (2d) l. c. 373.) With respect to the creation of a trust, we said: ''The declarations attributable to testator, under the instant record, tended to establish an intention to make a gift, unconsummated, in law, at the time of his death. There were no declarations of a trust, transferring equitable titles and creating

and defining the interests and powers of the parties. Elliott v. Gordon, 10 Cir., 70 F. (2d) 9, 11[1-6]; Eschen v. Steers, 8 Cir., 10 F. (2d) 739 (discussing the Missouri cases and law); Citizens' Nat. Bank v. McKenna, 168 Mo. App. 254, 258, 153 S. W. 521, 523[5, 6]; Mulloy v. Charlestown Five Cents Sav. Bk., 285 Mass. 101, 105, 188 N. E. 608, 609[4-7]; and cases infra.'' The evidence in the instant case established Mrs. Carroll's ownership of the bond. The writing— "This $1,000 Springfield City Water Company bond, No. M-1638, is the property of George H. Idle"—contains no words of conveyance. It does not indicate that Mrs. Carroll ever owned the bond. It does not declare Mrs. Carroll to be in possession for Mr. Idle's benefit. It does not vest an equitable title. It does not suggest that title was thereby conveyed to Mr. Idle and that Mrs. Carroll had possession in trust for his benefit. It does not suggest that Mrs. Carroll's position of owner had changed to that of trustee, or that Mr. Idle thereby first became vested with an interest in the bond. It merely recites a fact, the fact that Mr. Idle was the owner of the bond. Elliott v. Gordon, cited in the Cartall case, supra, considered the following endorsement on an envelope containing Liberty Bonds, the property of the endorser, found in a safety deposit box insufficient to create a trust:

"August, 1942

"These five $1,000.00 Fourth Liberty Bonds belong to Mrs. Kate Elliott, 3233 Tracy Ave Kan City Mo and are deposited in my box for safe keeping.

"G. A. Howerton.

"This Pkg $5,000.00 Fourth Lib Bonds Belong to Mrs. Kate Elliott 3233 Tracy Ave Kansas City Missouri.''

The rule may be technical and work hardships in some cases; but it appears based upon a sound public policy. A contrary rule might result in greater and more frequent miscarriages of justice. For one to constitute himself a trustee of his own property, there should be some words of a conveyance, some expression of an intention to become trustee. If the policy requiring a delivery to effect a transfer of the title in certain instances be sound, it ought not be evaded by the simple device of calling the transaction a declaration of trust. The requirements prevent mere intentions becoming legally final and definitive. The instant facts materially differ from the facts in Re Estate of Soulard, 141 Mo. 642, 659(III), 43 S. W. 617, 621(3), and in Harris Banking Co. v. Miller, 190 Mo. 640, 663(II), 89 S. W. 629, 635(2), 1 L. R. A. (N. S.) 790. We find the remark in 1 Bogert, Trusts and Trustees, p. 585, n. 80, that a strained construction was indulged to arrive at a declaration of trust in the latter case.

Respondents' brief concedes the petition in the Cartall case pleaded the two theories—gift and trust—in the alternative. In Harris Banking Co. v. Miller, supra, the trial court held the transaction constituted a gift inter vivos. This we held was error. However, we

affirmed the result reached by the trial court on the theory a trust existed, stating "the evidence was offered to sustain her [plaintiff's] right to the deposit in the alternative." (190 Mo. l. c. 667, 89 S. W. l. c. 637.) So, too, in the Cartall case. The invoked ruling was not dictum.

Accordingly, respondents' opinion and the record made pursuant thereto are quashed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.