KANSAS CITY LIFE INSURANCE COMPANY, a Corporation, v. JESSIE A. RAINEY, Respondent, PAUL D. BARTLETT, Executor of the Estate of HERBERT F. HALL, Deceased, Appellant.—No. 38930.

KANSAS CITY LIFE INSURANCE COMPANY v. IRVING V. SANDFORD, Respondent, PAUL D. BARTLETT, Executor of the Estate of HERBERT F. HALL, Deceased, Appellant.—No. 38931.—182 S. W. (2d) 624.

Division One, September 5, 1944.

Rehearing Denied, October 9, 1944.

478

*Beach, Gordon & Beach,* and *Lathrop, Crane, Reynolds, Sawyer & Mersereau* for appellant.

R. R. Brewster, John G. Madden, R. R. Brewster, Jr., James E. Burke, Ralph M. Russell, Brewster, Brewster & Brewster and Madden, Freeman, Madden & Burke for respondents.

DOUGLAS, J.—In 1925 Jessie A. Rainey became Herbert F. Hall's secretary and continued as such until his death. In 1931 Hall, aged 72, purchased an "Investment Annuity Policy" from the Kansas City Life Insurance Company for $50,000, the income payable to him, the principal payable to his wife at his death. After his wife died he named Miss Rainey beneficiary in the policy. Hall died in 1941. Sanford was in Hall's employment from 1920 until Hall's death. He, too, after Mrs. Hall's death was named as beneficiary in a similar policy for $50,000.

After Hall's death Miss Rainey and Sanford claimed the proceeds of the respective policies from the insurance company. The executor of Hall's estate also claimed the proceeds of both policies. The insurance company filed interpleader suits on each policy against the beneficiaries and the executor and paid the $50,000 into court in each case. The trial court found for the beneficiaries and the executor appeals. The two suits were tried together below and have been consolidated in this court for argument and decision. The judgments should be affirmed.

Since the policies are the same we will refer only to the policy for Miss Rainey. The policy provides for a single premium of $50,000. It pays a quarterly annuity to the assured and upon his death it pays $50,000 to his beneficiary. It could be surrendered after three years for the principal amount or up to one-half the principal amount could be withdrawn. The right to change the beneficiary was reserved.

The question for decision is whether the policy is invalid as a testamentary disposition not in the form prescribed by the statute of wills.

482

The executor concedes a life insurance policy is generally considered as not testamentary in character. But he argues this policy is not an insurance policy because there is no element of risk involved. Hall paid the company $50,000 and received quarterly interest of four per cent under the term annuity. The insurance company, upon Hall's death, was obligated to pay out only the same amount it originally received, namely $50,000. Under these circumstances no risk would be imposed on the company whenever Hall's death should occur. Thus, the executor asserts the policy is merely a certificate of deposit to take effect upon Hall's death and is testamentary in character.

To support his contention that the policy is not one of true insurance the executor relies on cases which consider policies chiefly in the light of tax exemption statutes. Helvering v. Le Gierse, 312 U. S. 531 turned on the question whether the proceeds of a so-called insurance contract in which no element of risk was present should be excluded from a decedent's gross estate under a provision of the revenue act exempting amounts "receivable as insurance." It held the proceeds received from such a policy were not within the meaning of the word insurance as used in the act. Old Colony Trust Co. v. Commissioner of Internal Revenue, 102 F. (2d) 380 is to the same effect holding that proceeds of annuity and investment contracts were not "insurance" within the meaning of the exemption of the revenue act. Helvering v. Tyler, 111 F. (2d) 422 and Commissioner of Internal Revenue v. Keller's Estate, 113 F. (2d) 833 are similar holdings. Ellison v. Straw, 119 Wis. 502, 97 N. W. 168 held that funds payable at the end of a tontine period were not understood as insurance as used in an exemption statute. In re Thornton's Estate, 186 Minn. 351, 243 N. W. 389 held that proceeds from insurance contracts similar to the one in this case were subject to the succession tax law of that state.

These decisions are not pertinent to the question for decision. While one of the elements of an insurance contract is a risk or contingency insured against, yet in the view we take of the policy it makes no difference whether the policy is a contract of insurance or not. It is not the presence or absence of risk which determines whether an insurance policy is testamentary in character.

There is no set rule applicable to all circumstances for ascertaining if an instrument "masquerades as a will." Each instrument must be individually considered and whether or not it is testamentary must be discerned from its own terms. In the case of a conveyance of real property or an instrument creating a living trust the usual test appears to be that if the instrument passes an immediate present interest it cannot be held a testamentary disposition, even though enjoyment of the interest is postponed until after the death of the grantor. Davis v. Rossi, 326 Mo. 911, 34 S. W. (2d) 8; Christ

v. Kuehne, 172 Mo. 118, 72 S. W. 537; Murphy v. Gabbert, 166 Mo. 596, 66 S. W. 536.

We considered an express contract in Green v. Whaley, 271 Mo. 636, 197 S. W. 355. We held a contract which provided that personal property owned jointly by the two parties should at the death of either belong to the survivor was not a testamentary disposition. ''It is a present contract, presently executed. The fact that it was to be performed after the death of one or the other of the parties does not make it testamentary.'' We pointed out that contracts to make mutual wills or contracts to devise property have been consistently enforced in this state.

An insurance policy is a contract. A policy payable to a third person is a contract for the benefit of the third person. See: Gallagher v. Simmons Hardward Co., 214 Mo. App. 111, 258 S. W. 16; Brown v. Equitable Life Assurance Soc. (Mo. App.), 143 S. W. (2d) 343; Binswanger v. Employers' Liability Assurance Corp., 244 Mo. App. 1025, 28 S. W. (2d) 448.

The policy we are considering is a contract between Hall and the insurance company for the benefit of Miss Rainey. This is true regardless of the element of risk. It still would be a contract for the benefit of a third person if made with a bank, a corporation of any other sort, or an individual. In the policy Miss Rainey is a third-party donee-beneficiary. Restatement of Contracts, sec. 133. She is entitled to enforce the contract even though she is a stranger to both the contract and to the consideration. 12 Am. Jur. Contracts, sec. 277.

The policy is not testamentary because it became effective before Hall's death. It was a contract made and in force during Hall's lifetime. Hence there would be no reason to surround it with formalities which safeguard a will. See Krell v. Codman (Mass.), 14 L. R. A. 860.

The policy became effective upon its execution and the payment of the consideration of $50,000, all done during Hall's lifetime. The payment of the consideration was an immediate disposition of the $50,-000. The money became the property of the insurance company. Upon Hall's death the money to be paid to the beneficiary constituted no part of the Hall's estate. So far as Miss Rainey is concerned, any disposition as to her was effected at the time she was designated as beneficiary. Her enjoyment of the fund was merely postponed until Hall's death, subject to the right of revocation retained by Hall.

The mere fact a note, bond or other instrument for the payment of money is not payable until or after death is not sufficient to make such an instrument testamentary in character and invalid for that reason. Green v. Whaley, 271 Mo. 636, 197 S. W. 355 (supra); 12 Am. Jur. Contracts, sec. 302; cases cited in Annotation 2 A. L. R.

1471. See Maze v. Baird, 89 Mo. App. 348; Robbins v. Robbins, 175 Mo. App. 609, 158 S. W. 400.

The reservation of the right by Hall to change the beneficiary or to cash in the policy does not make it testamentary. These are but methods of revocation. We ▮ see no reason why there should be any distinction between the effect of reserving a right of revocation as was done in the policy and reserving one in a living trust. The reservation of the right to revoke does not fasten testamentary character upon an instrument creating a living trust. Davis v. Rossi, 326 Mo. 911, 34 S. W. (2d) 8; Sims v. Brown, 252 Mo. 58, 158 S. W. 624. In Scott, Trusts and the Statute of Wills, 43 Harvard Law Review 521 at 526 it is stated with ample authority cited in support: "If the owner of property transfers it to another upon trust to pay the income to the settlor for life and on his death to pay the principal to others, the settlor reserving also power to revoke the trust at any time as long as he lives, it is held that the trust is not testamentary."

The case of Mutual Ben. Life Ins. Co. v. Ellis, 125 F. (2d) 127 supports our conclusion that the policy is not a testamentary disposition. There the beneficiary of a life insurance policy exercised an option not to collect the principal of the policy upon the death of the assured but let it remain with the company. She was to receive the income for life or for so long as she did not withdraw the principal. She directed the company to pay the principal to her sisters upon her death. After the original beneficiary died both her administrator and her sisters claimed the principal amount. Judge Augustus Hand found the sisters were entitled to recover as third-party donee-beneficiaries. He said: "A sufficient answer to the argument that it would violate the statute of wills to enforce the agreement for the sisters lies in the fact that their right to enforce is based upon a contractual obligation and not on any interest in the property of the decedent." See annotations in 138 A. L. R. at 1483.

In re Koss' Estate, 106 N. J. Eq. 323, 150 A. 360, held that the designation of a beneficiary in the event of the death of a person participating in the stock purchase plan provided for the employees of the Standard Oil Company of New York was not a testamentary disposition.

Deciding as we do the policy is a valid contract for the benefit of a third-party donee-beneficiary and is not of testamentary character, it becomes unnecessary to consider other questions raised.

The judgments in both cases are affirmed. All concur.

### On Motion for Rehearing.

DOUGLAS, J.— ▮ Friends of the court have joined with appellant in urging a rehearing in this case and its transfer from Division One to the Court en Banc. The arguments for doing so are the same. Our decision is claimed to be in irreconcilable conflict

with the decision in Cartall v. St. Louis Union Trust Co., 348 Mo. 372, 153 S. W. (2d) 370. That decision must be read in the light of the facts considered. The question there for consideration was whether the requirements for making an inter vivos gift had been fully complied with. It was contended that the declarations of a husband who owned bearer bonds were sufficient to pass title to the bonds at his death to his wife although the husband had never relinquished possession of the bonds which were found in his safe deposit box. The court found there was no delivery of the bonds to the wife and therefore no gift in praesenti to her.

Other cases relied on are Trautz v. Lemp, 329 Mo. 580, 46 S. W. (2d) 135; and State ex rel. Union National Bank of Springfield v. Blair, 350 Mo. 622, 166 S. W. (2d) 1085. The facts in the Trautz case are similar to those in the Cartall case. The question was whether there was an inter vivos gift of shares of stock. The court found the gift was not completed by delivery and the attempted disposition of the stock was testamentary in character. State v. Blair follows the Cartall case and affirmed the principle requiring a delivery to the donee in order to transfer the title of a gift intervivos.

The parties seek to impose the same rule with respect to the policy in question. They argue there was no transfer of title to the beneficiary before Hall's death so that payment to her by the insurance company at Hall's death would be a testamentary disposition. Such rule is not applicable here. We have held the policy is a contract for the benefit of a third person. Hall disposed of his money when he paid it to the insurance company as consideration for the contract. Title was then transferred. The money was no longer Hall's property. It never again became part of his estate to be transferred at his death. Therefore the policy may not be held to be a testamentary disposition.

It is further claimed our ruling that a donee beneficiary is entitled to enforce a contract made for his benefit even though he is a stranger to both the contract and the consideration is in conflict with Howsmon v. Trenton Water Co., 119 Mo. 304, 24 S. W. 784; City of St. Louis v. Wright Contracting Co., 202 Mo. 451, 101 S. W. 6; Forgey v. Macon Telephone Co., 291 Mo. 539, 237 S. W. 792 and Uhrich v. Globe Surety Co., 191 Mo. App. 111, 166 S. W. 845. We do not find this to be so. After announcing the general rule these cases hold to the effect that third persons who are only collaterally and incidentally benefited by the contract are not entitled to enforce it. In the case at bar the contract is for the direct benefit of a third party expressly designated. The fact that performance is postponed until the death of the promisee does not affect the third party's rights.

The motion for rehearing and transfer to the Court en Banc is overruled. All concur.