Henry MASTERSON, Plaintiff-Respondent,

v.

M. O. PLUMMER, Administrator of the Estate of Janie Crowder, Deceased, Defendant-Appellant.

No. 7865.

Springfield Court of Appeals.

Missouri.

Feb. 2, 1961.

Motion for Rehearing or to Transfer Overruled March 7, 1961.

Douglas & Douglas, Neosho, for defendant-appellant.

James L. Paul, Pineville, for plaintiff-respondent.

STONE, Presiding Judge.

This action was instituted in the Probate Court of McDonald County to determine the title to two time certificates of deposit (hereinafter referred to as the certificates) and the proceeds thereof, which had been inventoried as assets of the estate of Janie Crowder, deceased. V.A.M.S. § 473.357; as amended Laws of 1959, S.B. No. 141.

The probate court found that plaintiff, Henry Masterson, the son of Janie Crowder, was "the rightful owner" of the certificates and directed defendant, M. O. Plummer, administrator of the estate, to deliver them to plaintiff. Upon appeal, the circuit court likewise so found and adjudged. Defendant again appeals.

The certificates were issued by the State Bank of Seneca and signed by M. O. Plummer, Cashier. No. 7605 dated April 10, 1958, stated that Janie Crowder had deposited $3,935 which would be "payable to the order of *herself or Henry Masterson, Beneficiary* in current funds on the return of this Certificate properly endorsed *12* months after date with interest at the rate of *2½* per cent per annum." No. 7594 dated February 13, 1958, stated that Janie Crowder had deposited $1,405.40 which would be "payable to the order of *herself if living: If not living to Henry Masterson, Beneficiary* in current funds on the return of this Certificate properly endorsed *12* months after date with interest at the rate of *2½* per cent per annum." (The italicized portions were handwritten.) Both certificates bore printed notations, "No Interest After Maturity" and "Not Subject to Check."

Although the record before us does not fix the precise dates on which Janie Crowder, an elderly lady, initially deposited in the State Bank of Seneca the monies evidenced by the certificates, those dates must have been long prior to 1958, for defendant Plummer, the only witness upon trial, said that the certificates in suit were simply renewals "of a series of certificates." From Plummer's testimony as to his conversations with Janie Crowder when the monies were deposited initially, it is abundantly clear that her sole concern for herself was that "as long as she needed it she could draw the interest" but that, with such reservation to herself, she desired and purposed to dedicate and preserve the principal for her son (instant plaintiff) and to do whatever might be necessary to make sure that it was paid to him at her death.

Coming to Banker Plummer in simple trust and complete confidence, Janie Crowder sought his advice as to what should be done to accomplish this purpose; and, although (insofar as the instant record suggests) he mayhap was no better informed than she as to the legal principles bearing upon the problem (essentially a legal one) presented to him, Plummer essayed to advise Janie Crowder and (as he put it) "coined the words" written in the certificates, which she, in the same simple trust and complete confidence, "approved." We observe parenthetically that no explanation is offered as to why Plummer, having so undertaken to advise, should have "coined" and used somewhat different language in the two certificates. In any event, all was serene so long as Janie Crowder lived, with the bank (of which Plummer was cashier) continuing to use her funds and paying to her the modest interest of 2½ per cent per annum. Janie Crowder, who had been living with G. N. Crowder, her third husband, on a farm in McDonald County, died on November 29, 1958, before the certificates in suit matured. She left as her only heirs at law her husband, who followed her in death about six months later, and Henry Masterson, her son by a previous marriage and plaintiff herein.

Instant plaintiff's theory has been that, as the capable and conscientious trial chancellor found, Janie Crowder had established an executed voluntary trust as to the funds evidenced by the certificates. In his present adversary role as administrator of the estate of Janie Crowder, defendant Plummer vigorously insists that the certificates simply reflect an attempted but invalid testamentary disposition. On this appeal in a court-tried case, we review the evidence de novo and reach our own conclusions as to its weight, but with appropriate respect for the plain admonition [Rule 73.01(d), V.A.M.R.; formerly V.A.M.S. § 510.310(4)] that due regard should be accorded to the superior opportunity of the trial chancellor to judge of "the credibility and characteristics" of witness Plum-

mer [Cull v. Pfeifer, Mo., 307 S.W.2d 424, 428(5); Peine v. Sater, Mo., 289 S.W.2d 101, 102(1); Jenkins v. German, Mo.App., 298 S.W.2d 486, 491], and that the judgment nisi should not be set aside unless clearly erroneous. National Surety Corp. v. Fisher, Mo., 317 S.W.2d 334, 339(4); Southern Reynolds County School Dist. R–2 v. Callahan, Mo., 313 S.W.2d 35, 38(3); Erickson v. Greub, Mo., 287 S.W.2d 873, 874(1).

In simple terms, a trust (not qualified by "charitable," "resulting" or "constructive") may be defined as "a fiduciary relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it." Restatement of Trusts 2d, § 2, p. 6. Even more succinctly put, it has been said that a trust is simply a perfected gift of the equitable title to property. Harris Banking Co. v. Miller, 190 Mo. 640, 669, 89 S.W. 629, 637, 1 L.R.A.,N.S., 790; Coon v. Stanley, 230 Mo.App. 524, 527, 94 S.W. 2d 96, 98. Although such *equitable* title must pass to the beneficiary in praesenti [Atlantic Nat. Bank of Jacksonville, Fla. v. St. Louis Union Trust Co., 357 Mo. 770, 779–780, 211 S.W.2d 2, 7(7); Korompilos v. Tompras, Mo.App., 251 S.W. 80, 81(3)], the settlor may constitute himself as trustee and, as such, retain *legal* title. Harris Banking Co. v. Miller, supra, 190 Mo. loc. cit. 668, 669, 89 S.W. loc. cit. 637; St. Louis Uniformed Firemen's Credit Union v. Haley, Mo.App., 190 S.W.2d 636, 639(5); In re Geel's Estate, Mo.App., 143 S.W.2d 327, 330(4); Restatement of Trusts 2d, § 17(a), p. 59. True, creation of the trust must be established by evidence which is clear, unequivocal and convincing to the judicial mind and thus by more than a mere preponderance of the evidence [Northrip v. Burge, 255 Mo. 641, 654–655(4), 164 S.W. 584, 586–587(6); Harding v. St. Louis Union Trust Co., 276 Mo. 136, 142(2), 207 S.W. 68, 69(3)]; but, in the final analysis, whether an attempted disposition of property can be enforced as an executed trust depends primarily upon the intention of the settlor. Covey v. Van Bibber, Mo. App., 311 S.W.2d 112, 116(5); St. Louis Uniformed Firemen's Credit Union v. Haley, supra, 190 S.W.2d loc. cit. 639(3); In re Geel's Estate, supra, 143 S.W.2d loc. cit. 330(3); Van Studdiford v. Randolph, Mo. App., 49 S.W.2d 250, 253. Intent is to be gathered from the words and acts of the parties before, at the time of, and subsequent to the transaction under scrutiny [Coon v. Stanley, supra, 230 Mo.App. loc. cit. 528(8), 94 S.W.2d loc. cit. 98(9)], in the light of the entire situation and all of the surrounding facts and circumstances [St. Louis Uniformed Firemen's Credit Union v. Haley, supra, 190 S.W.2d loc. cit. 639(6); annotation 168 A.L.R. 1273, 1290], in short "from all the evidence." Covey v. Van Bibber, supra, 311 S.W.2d loc. cit. 116. The intention to create a trust may be manifest by written or spoken words or by conduct [Restatement of Trusts 2d, § 24(1), p. 67], and without the use of formal or technical words. In re Soulard's Estate, 141 Mo. 642, 664(7), 43 S.W. 617, 622(9); Eldridge v. Logan, Mo.App., 217 S.W.2d 588, 590(4, 5). As one authority has well stated it, "(i)n the creation of trusts settlors have never been handicapped by formalism." 1 Bogert on Trusts, § 45, loc. cit. 293. Nor is it material whether a settlor is cognizant that the intended relationship is called a trust or knows the precise characteristics of a trust relationship. Restatement of Trusts 2d, § 23, comment a, p. 66; St. Louis Uniformed Firemen's Credit Union v. Haley, supra, 190 S.W.2d loc. cit. 638.

In the case at bar, the very language of the certificates themselves, written by witness Plummer (as he positively assures us) "by the instruction given (him) by the deceased Janie M. Crowder at the time"—"under the direction of what she stated during her conversation" with him, is indicative of the creation of a trust. For, both certificates identify and refer to Hen-

ry Masterson (instant plaintiff) as "beneficiary," and thus, as that term is defined, to him as "(t)he person for whose benefit property is held in trust." Restatement of Trusts 2d, § 3(4), p. 12. We observe also that, from Plummer's testimony that the certificates in suit are simply renewals "of a series of certificates," it is fairly inferable that the principal of the funds placed in trust had been maintained intact, a circumstance often regarded as evidencing the settlor's intention to vest, and his appreciation of the fact that he has invested, the beneficiary with a present equitable interest in funds, notwithstanding the settlor's reservation of certain rights and powers. In re Geel's Estate, supra, 143 S.W.2d loc. cit. 330; St. Louis Uniformed Firemen's Credit Union v. Haley, supra, 190 S.W.2d loc. cit. 640; Watson v. Payne, 143 Mo.App. 721, 726, 128 S.W. 238, 239; annotation 168 A.L.R. 1273, 1291; 1 Bogert on Trusts, § 47, loc. cit. 320.

We do not further probe the record for evidence and inferences fairly deducible therefrom bearing upon the intention of Janie Crowder to create an executed voluntary trust, because (1) "(c)onsidering all that deceased did, all she said, and all of the surrounding circumstances" [Butler State Bank v. Duncan, Mo.App., 319 S.W.2d 913, 916], we have no doubt of her intention to create such trust, and (2) even banker-adviser Plummer, in his present adversary role, does not deny that intention. In fine, the settlor's *intention* is not in issue and requires no further discussion. Cf. Folger v. Lowery, Mo.App., 210 S.W.2d 1011, 1015(4); Cape Girardeau School Dist. No. 63 v. Frye, Mo.App., 225 S.W.2d 484, 489(6); Matthews v. Truxan Parts, Inc., Mo.App., 327 S.W.2d 28, 38(11). Rather, defendant Plummer has advanced, both in the trial court and on this appeal, only one reason in support of his conclusion that the certificates simply reflect an attempted but invalid testamentary disposition of funds, that reason being (in the language of his counsel at the close of the trial) that Janie Crowder was attempting to "retain control over her money until the time of her death, which would make it an attempted testamentary disposition," and (in the language of his appellate brief) that she "retained control of the money during her lifetime." In elaboration of this theory, defendant Plummer has emphasized that, during the lifetime of Janie Crowder, the bank would not have paid to plaintiff Masterson the funds evidenced by the certificates

■■ However, if the owner of property manifests an intention to transfer equitable title to a beneficiary in praesenti, a trust may arise although by the terms thereof the beneficial use of such equitable title may be postponed until some future time [Restatement of Trusts 2d, § 26, comment g, loc. cit. 74–75; ibid., § 56, comment f, p. 149; Coon v. Stanley, supra, 230 Mo. App. loc. cit. 527, 94 S.W.2d loc. cit. 98]; and many authorities demonstrate that, contrary to the sole contention upon which defendant Plummer here relies for reversal, the settlor's reservation of the right to receive interest accruing upon trust funds, to reinvest the principal, and to use the whole or a part thereof, and thus, in short, the settlor's reservation of the right of control during her lifetime, is not necessarily inconsistent with creation of a trust. Butler State Bank v. Duncan, Mo.App., 319 S.W. 2d 913; In re Geel's Estate, supra, 143 S.W. 2d loc. cit. 330–331(5–7); Coon v. Stanley, supra, 230 Mo.App. loc. cit. 527(5), 94 S.W. 2d loc. cit. 98(5); Restatement of Trusts 2d, § 57, p. 151; ibid., § 58, p. 155; ibid., § 37, p. 101; annotation 168 A.L.R. 1273, 1285–1287. See also Kansas City Life Ins. Co. v. Rainey, 353 Mo. 477, 484(4), 182 S.W.2d 624, 626–627(5), 155 A.L.R. 168; Harris Banking Co. v. Miller, supra, 190 Mo. loc. cit. 668–671, 89 S.W. loc. cit. 637–638; Flood, "Trusts—Interchangeability of the Inter Vivos Trust and the Will—Various Tests of Trust Validity," 58 Mich.L. Rev. 571, 578–579 (1960).

■ In his brief, defendant Plummer cites three cases, none of which support his position here. In Bank of Perryville v.

Kutz, Mo.App., 276 S.W.2d 593, the decisive factor was that the agreed statement of facts, on which the case was tried, did not reveal the *intention* of the alleged settlor to create a trust [276 S.W.2d loc. cit. 595], while the *intention* of Janie Crowder to do so in the instant case has been established to the satisfaction of both the trial chancellor and ourselves and has not been controverted by defendant Plummer. Butler State Bank v. Duncan, Mo. App., 319 S.W.2d 913, is one of numerous authorities (heretofore cited) *denying, not supporting,* the basic contention of instant defendant that the certificates in suit reflected an invalid testamentary disposition because Janie Crowder "retained control of the money during her lifetime." In Longacre v. Knowles, Mo., 333 S.W.2d 67, the question was whether a joint tenancy with right of survivorship had been created in certain personalty, and we find nothing pertinent to determination of the case at bar.

As some of our brethren have done under similar circumstances [Butler State Bank v. Duncan, supra, 319 S.W.2d loc. cit. 916], we eschew the unnecessary and unrewarding task of undertaking to review and reconcile all of the Missouri decisions dealing with trusts of the character here involved. The trial chancellor found that creation of an executed voluntary trust had been "shown by clear, cogent and convincing evidence," and on the whole record we are constrained to agree.

The judgment and decree of the circuit court is affirmed.

McDOWELL, J., concurs.

RUARK, J., not sitting.