Thomas E. HUNT, Plaintiff-Appellant,

v.

Marguerite DALLMEYER, Extx. of the Estate of Helmuth D. Dallmeyer, Deceased, et al., Defendants-Respondents.

No. 35670.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 23, 1974.

Niedner, Moerschel, Nack & Ahlheim, Robert V. Niedner, St. Charles, for defendants-respondents.

WEIER, Judge.

Plaintiff Thomas E. Hunt filed a first amended petition naming as defendants Marguerite Dallmeyer individually and as executrix of her husband's estate, and Ellis-Rodes-Meers & Co. Plaintiff's petition contained claims based both in contract and tort against these defendants. Each defendant filed a motion to dismiss the petition for failure to state a claim upon which relief could be granted pursuant to Rule 55.27(a) (6), V.A.M.R. [§ 509.300, RSMo 1969, V.A.M.S.]. These motions to dismiss were granted by the trial court, but plaintiff was given additional time to amend his petition. Upon the expiration of this time no amended petition had been filed, and plaintiff appealed.

The petition at issue is drafted in five counts. Count I is a claim against Marguerite Dallmeyer individually and as executrix of her husband's estate for specific performance of a contract. As there alleged, plaintiff Hunt, defendant Marguerite Dallmeyer, and her husband Helmuth Dallmeyer entered into an agreement sometime within the month prior to January 22, 1972. It was agreed that the Dallmeyer business, known as the Dallmeyer Insurance Agency, "including all interest in companies represented, furniture and fixtures and good will," would be sold to plaintiff. As consideration for the Dallmeyers' promise to transfer ownership of the business to plaintiff, Hunt promised to terminate his current employment, to move his family from St. Louis County to St. Charles County, and to operate and manage the Dallmeyer Insurance Agency from about January 22, 1972 until the death of Helmuth Dallmeyer. Plaintiff promised, as further consideration, to pay defendant Marguerite Dallmeyer $7,500.00 per year for a period of ten years beginning from the date of her husband's death. However, these annual payments would cease either

Lester W. Duggan, St. Charles, for plaintiff-appellant.

upon defendant's death, or upon the cancellation of plaintiff's agency with the Mutual Fire Insurance Company of St. Charles by this company without plaintiff's consent. Transfer of the Dallmeyer Insurance Agency to plaintiff was to take place upon Helmuth Dallmeyer's death. On April 26, 1972 plaintiff and the Dallmeyers executed a written document, a copy of which was made part of the petition.[1] Plaintiff did operate and manage the Dallmeyer business for Mr. Dallmeyer from January 22, 1972 until Mr. Dallmeyer's death which occurred on December 15, 1972.

After her husband's death, it is alleged defendant Marguerite Dallmeyer took possession of the business, refused to deliver the same to plaintiff, and that she intends and has made an agreement to transfer or to sell the business to a third party, co-defendant Ellis-Rodes-Meers & Co. Plaintiff alleges he has been ready, willing, and able to perform all that is required of him under the agreement, and has conveyed this willingness to defendant. As of March 26, 1973 Mutual Fire Insurance Company of St. Charles terminated plaintiff's agency without his consent. Plaintiff has received no financial settlement from any litigation as a result of this cancellation. Therefore, plaintiff alleges that he is entitled to spe-cific performance of the agreement to transfer ownership of the business to him.

In Count II of his petition plaintiff re-alleges all of Count I. As an alternative to specific performance prayed in Count I, he seeks damages for breach of contract against defendant Marguerite Dallmeyer for the value of the business, and for the loss of use, benefit, and income of the business, as well as punitive damages.

Count III re-alleges all of Count I. Plaintiff then states that defendant Ellis-Rodes-Meers & Co., with full knowledge of these facts, has converted the Dallmeyer business to its own use and wrongfully has retained possession. Based on this, plaintiff seeks actual damages against this company in the same amount requested against defendant Dallmeyer in Count II.

In Count IV plaintiff incorporates Count III, and prays for punitive damages against defendant Ellis-Rodes-Meers & Co.

Count V includes the previous four counts, and states there was a conspiracy between defendants to deprive plaintiff of the Dallmeyer business. Plaintiff also alleges that defendants did convert and withhold the business from him. As relief for these actions, plaintiff seeks both actual and punitive damages from defendants.

---

1. This document reads: "This agreement between Helmuth D. and Marguerite Dallmeyer, parties of the first part, and Thomas E. Hunt, his heirs and assigns, parties of the second pàrt is for the purpose of parties of the first part to sell to parties of the second part the business known as Helmuth D. Dallmeyer Insurance and also known as the Dallmeyer Insurance Agency, including all interest in companies represented, furniture and fixtures and good-will upon the death of Helmuth D. Dallmeyer, subject to the following conditions:

"Parties of the second part are to pay Marguerite Dallmeyer the sum of seventy-five hundred (7,500) dollars per year for ten (10) years or until her death whichever shall occur first. These payments shall be considered full payment for the business and the business shall then be entirely the property of parties of the second part.

"Provided, however that if parties of the second part cease to be agent of the Mutual Fire Insurance Company of St. Charles, at that time the insurance agency shall be considered paid for in full and no further payments shall be due Marguerite Dallmeyer.

"Provided however, that if any financial settlement be received from any litigation as a result of the cancellation of the agency, Marguerite Dallmeyer shall receive such moneys as received up to the balance due her under this contract and the parties of the second part shall receive any balance of the settlement.

"The actual legal document outlining this agreement shall be drawn up by Attorney Robert V. Niedner in legal form, according to the intent described above.

"(Sign) (s) Marguerite Dallmeyer
"(Date) 4/26/72
"(Sign) (s) Helmuth Dallmeyer
"(date) 4/26/72
"(Sign) (s) Thomas E. Hunt
"(date) 4-26-72"

■ Before dealing with the merits of the appeal, we consider a motion to dismiss the appeal for failure to comply with Rule 81.04. Defendants allege the appeal was not timely filed. They contend that the order appealed from was entered July 27, 1973 and pursuant to Rule 81.05 became a final order for purposes of appeal thirty days later, on August 26, 1973. Since plaintiff filed his notice of appeal eleven days later, on September 6, 1973, defendants assert that the appeal was not filed in compliance with Rule 81.04, and should be dismissed. However, as noted earlier, the trial court after sustaining defendants' motions to dismiss granted plaintiff additional time, until August 10, 1973, to amend his petition. If a court order granting a motion to dismiss shows in any way that the court did not intend the dismissal of the petition to put an end to the plaintiff's action, the order amounts to a dismissal of the petition only and not of the action. Thus, by granting time to file further amended petitions, a trial court intends to dismiss the pleading only and not the action. White v. Sievers, 359 Mo. 145, 221 S.W.2d 118, 123 [14] (1949). An action itself is dismissed only when a court sustains a motion to dismiss a petition without stating anything in the order that the action is to continue. White v. Sievers, *supra* at 123 [15]. When the trial court here granted plaintiff additional time to amend his petition, its order thereby expressly prevented any final judgment or dismissal with prejudice at that time. Bailey v. Williams, 326 S.W.2d 115, 120 [5] (Mo.1959). Therefore, even though plaintiff in this case did not file another amended petition, the court's order granting the motions to dismiss could not become a final judgment until August 10, 1973. The court's order did not become a final order for purposes of appeal until thirty days later, on September 9, 1973. Rule 81.05. Plaintiff then had ten days from this date in which to file a notice of appeal. Rule 81.04. The notice of appeal, filed September 6, 1973, was timely. Therefore, defendants' motion to dismiss plaintiff's appeal is denied.

■ As to the merits, we note at the outset that in determining whether a petition states a claim upon which relief can be granted, the petition should be construed liberally and favorably to plaintiff. Hall v. Smith, 355 S.W.2d 52, 55 [1] (Mo. 1962). Further, we will assume the facts alleged to be true, and give plaintiff the benefit of all inferences fairly deducible from the facts stated. Parker v. Sherman, 456 S.W.2d 577, 578 [2] (Mo.1970).

Plaintiff has appealed from the dismissal of his action contending that each count of his petition states sufficient facts to entitle him to relief. With respect to those counts which plead an action rising out of contract, he relies on the opinion in Johnson v. Great Heritage Life Insurance Co., 490 S.W.2d 686, 691 (Mo.App.1973), wherein the court stated that to plead a cause of action ex contractu, the petition should show the making and existence of a valid and enforceable contract between the parties, the right of the plaintiff and the obligation of defendant, and damages resulting to plaintiff from the breach.

■ Defendants first contend that plaintiff's petition does not state a claim for relief because the agreement on which his petition is based lacks consideration and is unilateral, since no mutuality of obligation is present. Defendants advance these theories based on the fact that plaintiff will no longer have to pay Mrs. Dallmeyer the $7,500.00 per year, since he is no longer an agent of Mutual Fire Insurance Company. Thus they argue plaintiff is not bound to do anything in return for transfer of the insurance business to him. However, the parties did bargain for payment of $7,500.00 per year for ten years to Mrs. Dallmeyer. Likewise, such payments were conditioned on plaintiff's continued agency relationship with Mutual Fire Insurance Company, and this agency was terminated as of March 26, 1973. It is well settled that simply because one suffers a disappointment in his bargain, a failure of consideration does not occur. Union Pacific Railroad Co. v. Kansas City Transit

Co., 401 S.W.2d 528, 536 [11, 12] (Mo.App. 1966). The agreement, therefore, did not lack consideration and did not become unilateral for the reason advanced by defendants.

■ Additionally, as further consideration for the Dallmeyers' promise to transfer the business to Hunt, he allegedly promised to move his family to St. Charles County to terminate his current employment, and to operate the Dallmeyer business. Plaintiff operated the agency for Mr. Dallmeyer from January 22, 1972 until December 15, 1972, the date of Mr. Dallmeyer's death. Sufficient consideration for a contract may be shown by a benefit to a promisor or a detriment to a promisee. Buxton v. Horn, 452 S.W.2d 250, 252 [6] (Mo.App. 1970). Both a benefit to the Dallmeyers and a detriment to plaintiff are shown on the face of the petition by this action. Therefore, defendants' contentions that the agreement contains no consideration and is lacking in mutuality of obligation are without merit.

■ But defendants maintain that since the parties executed the written contract, prior negotiations and circumstances alleged in the petition cannot be utilized to supply essential terms contrary to the written document, which they assert is clear and unambiguous with regard to consideration. Defendants particularly point out that the consideration by which plaintiff terminated his employment, moved his family, and operated the business for the Dallmeyers is not contained in the written agreement, and therefore may not be considered.[2] Thus they contend that no consideration is then present, and plaintiff was to receive the business as a gift. But where, as here, there is an issue as to the amount or the existence of consideration, parol evidence on the matter may be taken into account. Reich v. Pine Lawn Bank & Trust Company, 356 S.W.2d 545, 548 [3] (Mo.App.1962); Craig v. Koss Const. Co.,

69 S.W.2d 964, 965 [2] (Mo.App.1934); 32A C.J.S. Evidence § 948, p. 338. Therefore, plaintiff's alleged activities performed as a consideration are properly admissible in determining whether plaintiff's petition states a claim for relief. As a result, defendants' claims to the contrary, including their assertion that plaintiff would receive the business as a gift, are not persuasive.

Defendants next argue that the written document is not a contract. They urge instead that the parties were still negotiating, and that this document constitutes but an "agreement to make an agreement". Defendant Dallmeyer relies on the last sentence stating in part that "[t]he actual legal document outlining this agreement" was to be drawn up later by their attorney. She contends also that many essential terms are missing from the written document. Her primary argument lies in the fact that plaintiff could have cancelled his agency at any time, and then refused to pay defendant Mrs. Dallmeyer the $7,500.-00 per year due her. Defendants thereby allege that essential terms are missing, terms needed to be supplied by an additional written contract. However, what defendants are really maintaining once again is that no consideration appears in the document and thus no contract exists which could be enforced. But this argument is refuted once more by what we have held earlier.

■ The language of the contract that the "actual legal document" would be drawn up later is no proof that the parties were still negotiating. The mere fact that parties contemplate a formal written draft of their agreement at a later time is not sufficient in itself to demonstrate that they did not intend to be bound at the time of their original agreement. If there is intent not to be bound, it must be specifically set out in their original agreement. Shapleigh Inv. Co. v. Miller, 193 S.W.2d 931, 937 [2–4] (Mo.App.1946). There is no indication

---

**2.** Defendants nowhere argue that such activities, if considered, would not be a valuable consideration.

on the face of the written document, signed by all the parties, that they intended to delay in being bound until such time as the "actual legal document" was prepared. Thus, defendants' contention the document here drafted and signed by the parties is but an agreement to make an agreement must fail.

 Defendants further maintain that plaintiff's petition is void on its face as an attempted testamentary disposition in violation of § 474.320, RSMo 1969, V.AM. S., since the formalities of a will are not present. According to defendants, this contention is supported by the contract provision that plaintiff would not receive title to the business until after Helmuth Dallmeyer's death. However, the mere fact that transfer of ownership is to take place after the property owner's death does not necessarily make such a transfer testamentary. Kansas City Life Ins. Co. v. Rainey, 353 Mo. 477, 182 S.W.2d 624, 626 [4] (1944). This is so in a situation where the transferee already has furnished some consideration for the owner's promise to transfer the property to him. Robbins v. Robbins' Estate, 175 Mo.App. 609, 158 S.W. 400, 401 [2] (1913). Plaintiff's petition alleges he completed commitments as consideration for the post-mortem transfer. There is therefore no attempted testamentary disposition in violation § 474.320. Count I states a claim for which relief may be granted.

In Count II, as noted earlier, plaintiff re-alleges all of Count I, and requests damages for breach of contract in the alternative to specific performance. What we have held above concerning Count I is equally applicable to Count II. Therefore, plaintiff also has stated a claim for which relief can be granted in Count II.

Plaintiff, as to Counts III, IV and V, contends that these allege causes of action in conversion, wrongful retention of plaintiff's property, tortious interference with the contract between plaintiff and the Dallmeyers, and finally in Count V a conspiracy to commit these acts. In the petition knowledge of the Ellis-Rodes-Meers & Co. is alleged as to the contract and relationship entered thereunder by the parties; the corporate defendant's conversion of the business and assets belonging to plaintiff; that the acts were intentional, and finally a conspiracy between it and Marguerite Dallmeyer to convert.

 Answering this, defendants state that plaintiff's petition as to Counts III, IV and V was properly dismissed because it attempts to join claims in contract and tort in one action, thereby violating § 507.-040, RSMo 1969, V.A.M.S. (Rule 52.05). As already noted, Counts I and II were actions based on contract against defendant Marguerite Dallmeyer. The cases cited by defendant in support of their theory, State ex rel. Cozean v. Meyer, 449 S.W.2d 377 (Mo.App.1969) and State ex rel. Campbell v. James, 263 S.W.2d 402 (Mo. banc 1953), involve improper venue arising out of improper joinder. But the substance of defendants' objection is that the parties defendant should not have been joined in this action, and therefore the petition should be dismissed. But misjoinder is not grounds for dismissal of an action. Rule 52.06. In this case, plaintiff's petition was dismissed solely for failure to state a claim upon which relief could be granted and not because of improper venue. Therefore, since plaintiff's petition could not have been dismissed on the theory advanced by defendants, nor any other theory which we could advance in support of the court's action, we have determined that Counts III, IV, and V also were dismissed erroneously.

Having concluded that the petition does state claims for which relief may be granted, the judgment appealed from dismissing plaintiff's petition is reversed and the case remanded.

DOWD, C. J., and CLEMENS and RENDLEN, JJ., concur.