## Barrett v. Avon Garage Company et al.

*S. M. Bendiner*, for complainant.

*A. Wernick*, for respondents.

SMITH, P. J., June 25, 1948.—Harry A. Barrett brings a bill of complaint against defendants, praying that Kathryn Barrett, Helen McCauley, Marion Barrett, Mary Worstall and the Avon Garage Company, a Pennsylvania corporation, be enjoined from discharging Harry A. Barrett as active manager of the Avon Garage Company under the terms of certain trust agreements dated May 13, 1946, and August 29, 1946, and that the officers and directors of Avon Garage Company be directed to reinstate plaintiff as active manager; that defendants, Kathryn Barrett, Helen McCauley, Marion Barrett, Mary Worstall and Avon Garage Company be ordered to carry out the terms of the trust agreements of May 13, 1946, and August 29, 1946, for the benefit of life tenant, Catherine Dougherty, and that said defendants be restrained and enjoined from interfering with the management and operation of Avon Garage Company by plaintiff, Harry A. Barrett, as required to carry out the purpose of the trust created for the benefit of life tenant, Catherine Dougherty, and for a receiver of the said corporation.

## Findings of Fact

1. Patrick F. Loy and William J. Dougherty were partners in the operation of Avon Garage Company until the death of Patrick F. Loy on May 17, 1943, after which Loy's legal representative, Peter M. Lynch, associated himself in the said business with William J. Dougherty until the death of the latter on July 11, 1943.

2. On March 18, 1946, the said business as operated by the executors of the estates of Loy and Dougherty was dissolved by decree of Fenerty, J., and distribution

of the net assets was divided equally between the two said estates.

3. Under the will of William J. Dougherty, his residuary estate was placed in trust for the purpose of paying his sister, Catherine Dougherty, a sum of not less than $30 per week during her natural life out of the principal and income, and upon her death, the corpus of the estate was to be distributed as follows: 70 percent to be divided equally among Kathryn Barrett, Helen McCauley and Mary Felt; 25 percent to be divided equally between Harry A. Barrett and Marion Barrett, and 5 percent to Mary Worstall.

4. On May 13, 1946, Catherine Dougherty, life tenant under said trust, released and disclaimed her interest in the life estate in favor of the remaindermen and by agreement, executed simultaneously, all the parties in interest agreed to purchase the said Avon Garage, the extent of their ownership to be in the same proportion as in the residuary estate of the said William J. Dougherty and further agreed that the premises occupied by the garage and the business were to be held in trust for the benefit of the said Catherine Dougherty, who was to receive payments from the said trust as income to her in accordance with the provisions of the will of the said William J. Dougherty.

5. The trust agreement provided that the trust would terminate upon the death of Catherine Dougherty and that each of the other parties in interest was to own his or her share in the business outright.

6. John J. Connell, the trustee nominated in the agreement of May 13, 1946, failed and refused to accept the trusteeship.

7. On July 26, 1946, the Avon Garage was purchased in accordance with the agreement of May 13, 1946, and on August 29, 1946, Catherine Dougherty as one party and Kathryn Barrett, Helen McCauley, Marion Barrett, Harry A. Barrett and Mary Worstall

as the other parties, entered into an agreement in writing as of July 26, 1946, to incorporate the business as Avon Garage Company, a Pennsylvania corporation, and to distribute the shares to the remaindermen as under the old trust in accordance with the extent of their respective interests in the residuary estate of the said William J. Dougherty.

8. This agreement also provided that in consideration of the release by Catherine Dougherty of her interest in the trust estate created by the will of William J. Dougherty, the parties agreed to pay her the sum of $100 per week for life which sum she was to receive as president of the said corporation.

9. In the agreement it was provided that Harry A. Barrett "shall be the active manager of the said business".

10. The interest of Mary Felt under said will was purchased from her by the other remaindermen.

11. The parties to the said agreement of August 29, 1946 (as of July 26, 1946), including Catherine Dougherty, agreed upon five directors for the proposed corporation, one of whom was Harry A. Barrett.

12. The parties also agreed upon certain officers for the proposed corporation with Catherine Dougherty as president at a salary of $100 per week to be charged against the operation expenses during her lifetime ("providing the corporation owns and operates the business during that period") in consideration of her disclaiming her interest in the trust estate in favor of the remaindermen of the estate of William J. Dougherty, deceased.

13. Harry A. Barrett was designated as the secretary and treasurer of the proposed corporation.

14. At the first meeting of the shareholders of Avon Garage Company, a corporation, on September 4, 1946, of which Harry A. Barrett acted as chairman, a board

of directors was elected pursuant to the agreement, one of whom was Harry A. Barrett.

15. At the first meeting of the board of directors, of which Harry A. Barrett was chairman, he was duly elected secretary and treasurer of the corporation and was employed as general manager of the corporation under the following resolution:

"Resolved, That Harry A. Barrett be employed as General Manager of this Corporation at a salary which, after deductions for Federal Withholding Tax, Social Security, Philadelphia Wage Tax, etc. will net him $50.00 per week."

16. Harry A. Barrett acted as manager of the Avon Garage Company from July 26, 1946, until September 17, 1947, at which time his employment as manager was terminated as a result of a resolution of the stockholders and board of directors of the said corporation on September 2, 1947, giving him two weeks' notice with pay.

17. Harry A. Barrett had full and adequate notice of these meetings but failed to attend them.

18. Harry A. Barrett was not the trustee of Avon Garage Company.

19. Harry A. Barrett was not the trustee for Catherine Dougherty.

20. The directors of Avon Garage Company, a corporation, had power and authority to terminate the services of Harry A. Barrett as manager of Avon Garage Company.

### Discussion

There is no doubt that the directors of Avon Garage Company had a legal right to discharge Harry A. Barrett as manager of Avon Garage Company as well as just cause, if just cause need be shown. There is no evidence which shows that he insisted upon maintaining a position that he was trustee. If he had assumed

such trust, all shares of stock would have been issued to him qua-trustee. On the contrary, he acquiesced in the issuance of shares of stock to the other remaindermen of the estate of William J. Dougherty, including himself. He also joined in his election as secretary and treasurer of the corporation by a board of directors of the corporation elected by the individual shareholders of which meeting he was chairman. He also acted as the chairman of the board of directors when he was employed as "General Manager" at a designated salary. From the time he signed the agreement as of July 26, 1946, he had every opportunity to insist upon his status as a trustee, but he acquiesced in all the actions of the corporation which clearly denied the existence of a trust. Certainly "General Manager" is not "Trustee", nor is "Active Manager". The term or designation of manager "ordinarily means one who has the conduct or direction of anything", etc. (Webster) ; "A person retained generally to represent his principal in his absence", etc. (Ballentine's Law Dictionary). Barrett was just that and no more. According to the resolution of the directors of the corporation to which he acquiesced, he was a manager and was employed as such. We believe furthermore that when the agreement (as of July 26, 1946) was executed by Catherine Dougherty and the remaindermen, the trust relationship was dissolved and she agreed to take in lieu of the sum set forth in the will, a weekly sum of $100 to be paid her during her life or the corporation dissolved.

Furthermore, neither the agreement nor the resolution hiring him as general manager specifies the term of his employment. Thus the employment is at will, and as such may be terminated by the corporation in its discretion.

Even if it can be construed that Barrett was a trustee, which we do not believe that he was, his prayers do not seem to be made in good faith. The evidence

shows that at the time he filed his bill of complaint, he was president of the Barrett Lock Corporation to which he was under obligation to devote his entire time. No court of equity would enjoin the Avon Garage Company from discharging Barrett as trustee, the effect of which injunction would be to reinstate him as manager, when he was under obligation to devote his entire time to another corporation. The general principle of law is that plaintiff must show that he has been ready, able and willing to perform the act or contract of which he is asking specific performance: Chandler v. Chandler, 220 Pa. 311; Russell v. Baughman, 94 Pa. 400.

Then again the evidence shows that Barrett had failed to turn over to the corporation moneys due it from patrons and that he failed to pay income tax, social security, Philadelphia wage tax and unemployment compensation tax, with knowledge that he was violating the law. The evidence also shows that he withheld taxes from the wages of employes for which the corporation under the Internal Revenue Code is trustee and that he failed to pay these taxes to the Government. That he used these funds to pay company debts does not excuse him since it subjected the corporation to fines and penalties. This type of conduct in itself would be sufficient for the court to remove him as trustee and this we would do had we found that a trust relationship existed.

### Conclusions of Law

1. Harry A. Barrett was not a trustee of Avon Garage Company.

2. Harry A. Barrett was not a trustee for Catherine Dougherty.

3. Harry A. Barrett has no cause of action in equity.

. . .

*Decree Nisi*

And now, to wit, June 25, 1948, it is ordered, adjudged and decreed that the bill in equity filed by complainant be dismissed, the prayers therein are refused, and the costs are divided equally between Harry A. Barrett and defendants.

The prothonotary will notify the parties of the entry of this decree nisi, and unless exceptions be filed within 15 days of the date hereof, will enter it as the final decree in the matter without further notice.